UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

IN RE:

| | | |
|---|---|---|
| **NORTHSTAR OFFSHORE GROUP, L.L.C., et al.** | § § § § § § § | **CHAPTER 11** **CASE NO. 16-34028** |
| **Debtors** | | |

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on November 10, 2016 at 1:30 PM in Courtroom 404, 515 Rusk, Houston, TX 77002.**

The State of Louisiana ("the State"), through the Office of Mineral Resources, Department of Natural Resources, ("Movant"), in accordance with Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by and through its undersigned attorneys, moves this Court for an Order under Section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 101-1330 (the "Bankruptcy Code"), granting the Movant relief from all stays and injunctions in the above-captioned case, including the automatic stay of Bankruptcy Code § 362(a), so that Movant may exercise all of its regulatory rights to audit Northstar Offshore Group, L.L.C. ("Debtor"), for the purposes of determining amounts owed on "[a]ll bonuses, rentals, royalties, shut-in payments, or other sums payable to the state as the lessor under the terms of valid existing mineral leases," pursuant to La. R.S. 30:136 (*see also*

Exhibit 1, which is a State Mineral & Energy Board resolution directing the audit of companies in bankruptcy).

Movant submits that it is entitled to stay relief in this case under each independent basis for relief set forth in Bankruptcy Code § 362(d). "Cause" under Bankruptcy Code § 362(d)(1) exists to grant stay relief because the Debtor, in addition to other acts and/or omissions, has failed to provide the State of Louisiana with the proper information necessary to determine, with accuracy, the correct monetary amount of all bonuses, rentals, royalties, shut-in payments or other sums payable to the State through the Department of Natural Resources, Office of Mineral Resources, as the lessor, under the terms of valid existing mineral leases (*see* Exhibit 2 for a listing of all such leases held by the Debtors).

For all of the foregoing reasons as well as those set forth more fully in the accompanying Memorandum, Movant respectfully requests that the Court enter an Order vacating and terminating all applicable bankruptcy stays and injunctions to permit Movant to exercise all necessary audit procedures and granting Movant all other and further relief as is just and proper under the circumstances of this case.

Dated: October 17, 2016

                Respectfully Submitted,

                **JEFF LANDRY**
                **ATTORNEY GENERAL**

                BY: _____
                Ryan M. Seidemann (La. Bar Roll #28991)
                Assistant Attorney General
                Civil Division/Lands & Natural Resources
                Post Office Box 94005
                Baton Rouge, Louisiana 70804-9005
                TEL: (225) 326-6085
                FAX: (225) 326-6099

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that the movant has conferred with counsel for the debtor via e-mail initiated by counsel for the debtor on October 13, 2016, in which the latter proposed the filing of the foregoing motion.

_____
Ryan M. Seidemann (La. Bar Roll #28991)
Assistant Attorney General
Civil Division/Lands & Natural Resources
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
TEL: (225) 326-6085
FAX: (225) 326-6099