UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | NO. 16-34028 |
| | * | |
| NORTHSTAR OFFSHORE GROUP, LLC | * | CHAPTER 11 |
| | * | |
| | * | |

* * * * * * * *

**EMERGENCY MOTION FOR MODICIFATION OF STAY TO
PERMIT TERMINATION OF CONRACTS**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE.  IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING.  IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**NOW INTO COURT**, through undersigned counsel,  comes Starfish Pipeline Company, LLC ("Starfish") who moves this Court to modify the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit termination of certain executory contracts to which Northstar Offshore Group, LLC ("Northstar") is a party for the following reasons:

1.

An involuntary petition pursuant to Section 303 of the Bankruptcy Code was filed against Northstar on August 12, 2016. At the present time the stay imposed by Section 362 prevents Starfish from enforcing its right to payment.

2.

An order for relief has not been entered against Northstar. Instead a hearing to consider the involuntary petition is scheduled for November 30, 2016, and Northstar conducts its business pursuant to Section 303(f) of the Bankruptcy Code.

3.

Northstar is a party to the following contracts for which Starfish is designated as the operator:

**STINGRAY PIPELINE COMPANY LLC**

1. Transportation Rate Schedule ITS Agreement between Stingray Pipeline Company, Inc. and Northstar Offshore Group, LLC dated November 1, 2012 (Contract 310213).

2. Liquid Hydrocarbons Transportation Agreement dated November 1, 2012 between Black Elk Energy Offshore Operations, LLC and Stingray Pipeline Company, L.L.C. (Contract 310208).

3. Agreement for Measurement Services between Stingray Pipeline Company and Shell Offshore, Inc. West Cameron Block 269 Offshore, Louisiana effective May 1, 1997 (Contract 102497).

**WEST CAMERON DEHYDRATION**

4. Dehydration Agreement between Transworld Exploration and Production, Inc. and West Cameron Dehydration Company, L.L.C. effective March 1, 2003 (WC 369) (Contract 106401).

5. Dehydration Agreement between West Cameron Dehydration Company, L.L.C. and Northstar Offshore Group, LLC dated October 1, 2012 (Contract No. 310209).

4540683_1

**TRITON GATHERING, LLC**

    6. Firm Gas Gathering Agreement between Triton Gathering, LLC and The Houston Exploration Company dated March 2, 2006 (Contract 110732, with the following amendments:

        a. Amendment No. 1 to Firm Gas Gathering Agreement between Triton Gathering, LLC and The Houston Exploration Company effective May 26, 2006 (Contract 110732).

        b. Amendment No. 2 to Firm Gas Gathering Agreement between Triton Gathering, LLC and Black Elk Energy Offshore Operations, LLC effective August 1, 2011 (Contract 110732).

**STINGRAY OFFSHORE SEPARATION**

    7. Construction and Operating Agreement for Onshore Separation Facility dated March 6, 1974 as amended.

(collectively the "Starfish Contracts").

4.

Northstar became obligated to Starfish under the Starfish Contracts by virtue of various agreements including but not limited to that certain Assignment, Conveyance and Bill of Sale between Black Elk Offshore Operations, LLC and Northstar Offshore Group, LLC dated April 13, 2015 but effective December 3, 2014.

5.

Starfish as the operator pursuant to the Starfish Contracts is authorized to enforce the Starfish Contracts.

6.

As of August 12, 2016, Northstar was indebted to Starfish as follows:

| COMPANY | SERVICE | AMOUNT |
| --- | --- | --- |
| Stingray Pipeline Company, L.L.C | Transportation | $ (10,068.32) |
| Stingray Pipeline Company, L.L.C. | Measurement-600021 | $ 26,935,.48 |

| Stingray Pipeline Company, L.L.C. | Measurement-600269 | $ 4,518.40 |
| Stingray Pipeline Company, L.L.C. | Liquids Transportation | $ 291,990.54 |
| Stingray Offshore Separation (SOS) | Separation | $ 341,163.98 |
| West Cameron Dehydration Company, LLC | Dehydration | $ 23,713.04 |
| Triton Gathering, LLC | Gathering | $ 109,723.44 |
| **TOTAL DUE TO ALL COMPANIES FROM NORTHSTAR** | | **$ 787,976.56** |

7.

On July 26, 2016, Starfish notified Northstar of its various defaults under the Starfish Contracts. As a consequence of the failure of Northstar to cure its default, certain of the Starfish Contracts have terminated by their own terms. Nevertheless Starfish has continued to provide services to Northstar under all Starfish Contracts with a full reservation of its rights.

8.

Since August 12, 2016, Starfish has continued to provide services to Northstar pursuant to the Starfish Contracts for which Starfish has invoiced Northstar but has not been paid. For the period of August 12-31, 2016, those unpaid amounts are as follows:

| **COMPANY** | **SERVICE** | **AMOUNT** |
|---|---|---|
| Stingray Pipeline Company, L.L.C | Transportation | $ (15,784.49) |
| Stingray Pipeline Company, L.L.C. | Measurement-600021 | $ 3,064.52 |
| Stingray Pipeline Company, L.L.C. | Measurement-600269 | $ 612.90 |
| Stingray Pipeline Company, L.L.C. | Liquids Transportation | $ 22,406.16 |
| Stingray Offshore Separation (SOS) | Separation | $ 14,035.67 |
| West Cameron Dehydration | Dehydration | $ 4,081.53 |

-4-

Company, LLC

| | | |
|---|---|---|
| Triton Gathering, LLC | Gathering | $ 14,363.05 |
| **TOTAL DUE TO ALL COMPANIES FROM NORTHSTAR** | | **$ 42,779.34** |

9.

During September 2016 Starfish continued to provide services to Northstar pursuant to the Starfish Contracts for which Starfish has invoiced Northstar, but has not been paid. For that month those unpaid amounts are as follows:

| **COMPANY** | **SERVICE** | **AMOUNT** | **DUE DATE** |
|---|---|---|---|
| Stingray Pipeline Company, L.L.C. | Measurement-600021 | $  5,000.00 | 11/01/16 |
| Stingray Pipeline Company, L.L.C. | Measurement-600269 | $  1,000.00 | 11/01/16 |
| Stingray Pipeline Company, L.L.C. | Liquids Transportation | $ 40,722.30 | 10/27/16 |
| West Cameron Dehydration Company, LLC | Dehydration | $  5,746.64 | 10/27/16 |
| Triton Gathering, LLC | Gathering | $ 18,639.68 | 10/27/16 |
| **TOTAL DUE TO ALL COMPANIES FROM NORTHSTAR** | | **$ 71,108.62** | |

10.

Thus, Northstar owes a total of $113,887.96 to Starfish for the period August 12, 2016 through September 30, 2016. This amount continues to increase daily. An invoice for October services will be generated shortly.

4540683_1

11.

Northstar is in default for post-petition services rendered by Starfish under the Starfish Contracts for the period August 12 – August 30, 2016.  Northstar has not made any payment to Starfish for postpetition services.

12.

It is anticipated that Northstar will fail to make payments for September services in light of a statement made to the Court on October 5, 2016, to the effect that Northstar had insufficient funds to pay current operating expenses and would pay only those creditors it deemed to be "critical vendors."

13.

On October 11, 2016, in correspondence to Northstar, Starfish through its counsel requested payment of the amounts then due for post-petition services during August 12-30, 2016 under the Starfish Contacts.  Notwithstanding this request payment has not been received by Starfish from Northstar.

14.

In accordance with Local Rule 4001-1(a), undersigned counsel contacted Northstar's counsel in an effort to resolve this matter without the need for the Court' s intervention.  Counsel for Northstar advised undersigned counsel that it would be necessary for motion to be filed as Northstar does not have the ability to pay Starfish at present.

15.

The Starfish Contracts constitute executory contracts governed by Section 365 of the Bankruptcy Code.  As such Starfish is obligated to perform those contracts until they are either rejected or have been terminated.  Similarly, Northstar must pay for post-petition performance by

Starfish in accordance with the terms of the Starfish Contracts. *See, e.g., In re Continental Energy Associates Ltd. Partnership,* 178 B.R. 405 (Bankr. M.D. Pa. 1995); *In re Resource Technology Corporation*, 245 B.R. 215 (Bankr. N.D. Ill. 2000).

16.

Northstar during the period following the involuntary petition must satisfy its post-petition obligations to Starfish under the Starfish Contracts in order to continue to receive the benefits of the Starfish Contracts. Section 303(f) of the Bankruptcy Code requires such satisfaction/payment by Northstar. Northstar cannot be allowed to demand and receive the benefit of services for which Starfish is contractually obligated to provide, and then rely on Section 362 as a means to deny compensation to Starfish in accordance with the terms of Starfish Contracts.

17.

During a hearing held on October 5, 2016, counsel for Northstar acknowledged that expenses incurred during the gap period were not being paid:

> With respect to payments during the gap period, we're doing the best we can, but ordering us to pay when we don't have money to pay is not really going to make any difference and not further our cause. We're trying to obtain financing so that we can bring creditors as current as possible.

18.

Despite the passage of time and discussions among counsel, it is apparent that Northstar (a) does not have the funds to pay Starfish for the post-petition services it has rendered and will continue to render absent modification of the stay and (b) has not obtained the hoped-for financing.

19.

Local Rule 4002-1 provides:

* * *

(f) The debtor must not incur administrative and priority expenses unless funds are reasonably expected to be generated to pay them.

* * *

(h) The debtor must pay on a current basis all obligations incurred by it in operating its business.

20.

While an order for relief has not been entered and Northstar is only a putative debtor, Northstar cannot have the protection afforded by Section 362(a) without complying with the requirements of the Local Rule 4002-1.

21.

Cause exists under Section 362(d)(i) such that Starfish is entitled to modification of the stay to permit enforcement of the Starfish Contracts and their provisions for terminations where Northstar has not paid for post-petition services.

22.

Absent expedited consideration of this motion, Starfish will be compelled to continue to provide services to Northstar without any compensation for those services. Under these circumstances, expedited consideration of this motion is warranted. And Northstar will not be unduly prejudiced by such expedited consideration.

**NOW WHEREFORE**, Starfish moves pursuant to Section 362(d) of the Bankruptcy

*[Remainder of page intentionally left blank.]*

Code to modify the stay to permit Starfish to enforce its rights under the Starfish Contracts.

        Respectfully submitted,

*/s/ Michael D. Rubenstein*
Michael D. Rubenstein (Bar #24047514)
LISKOW & LEWIS
1001 Fannin Street
Houston, TX 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
Email: mdrubenstein@liskow.com

Philip K. Jones, Jr. (La. Bar #7503)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:(504) 581-7979
Facsimile: (504) 556-4108
Email: pkjones@liskow.com

**ATTORNEYS FOR STARFISH PIPELINE COMPANY**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing *Emergency Motion for Modification of Stay to Permit Termination of Contracts* was sent to all parties or counsel of record who have registered to receive electronic service by operation of the Court's electronic filing system.

Dated this 9th day of November, 2016.

*/s/ Michael D. Rubenstein*