UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **NORTHSTAR OFFSHORE** | § | Case No. 16-34028 |
| **GROUP, LLC,** | § | |
| | § | (Chapter 11) |
| DEBTOR. | § | (Emergency Hearing Requested) |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (A) EXTENDING TIME TO FILE SCHEDULE OF ASSETS AND LIABILITIES, SCHEDULE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND STATEMENT OF FINANCIAL AFFAIRS AND (B) AUTHORIZING THE PROPOSED FORM AND <u>MANNER OF NOTICE OF COMMENCEMENT OF THIS CHAPTER 11 CASE</u>**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Northstar Offshore Group, LLC (the "Debtor") submits this Emergency Motion for Entry of an Order (A) Extending the Time to File Schedule of Assets and Liabilities, Schedule of Executory Contract and Unexpired Leases and Statement of Financial Affairs, and (B) Authorizing the Form and Manner of Notice of Commencement of this Chapter 11 Case (the "Extension Motion") and in support thereof respectfully states as follows:

## RELIEF REQUESTED

1. The Debtor seeks entry of an order, substantially in the form of the proposed order attached hereto (a) to extend by 16 days the deadline by which the Debtor must file their schedule of assets and liabilities, schedule of executory contracts and unexpired leases and statement of financial affairs (collectively, the "Schedules and Statements"), without prejudice to the Debtor's right to request additional extensions of these deadlines by later motion, and (b) authorizing the Debtor to file notice of commencement of this voluntary chapter 11 case and the time and place of the meeting of creditors under section 341 of the Bankruptcy Code, substantially in the form attached as Exhibit A to the proposed order attached hereto.

## JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Extension Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 2002(a).

## BACKGROUND

5. The Debtor is an independent oil and gas exploration and production ("E&P") company that focuses on acquisitions, workovers and recompletions, development drilling, and

low-risk exploration in the shallow waters of the Gulf of Mexico. A detailed discussion of the Debtor's operations and current financial condition can be found in the Declaration of Avery C. Alcorn in Support of First Day Pleadings (the "Alcorn Declaration").

6. On August 12, 2016 (the "Involuntary Petition Date"), Montco Oilfield Contractors, LLC, Alliance Offshore, LLC, and Alliance Energy Services, LLC (the "Petitioning Creditors") filed an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") against the Debtor thereby commencing the above-captioned bankruptcy case.

7. On December 2, 2016 (the "Voluntary Petition Date"), the Debtor agreed to convert the involuntary case to a voluntary case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Voluntary Petition").

8. No trustee or official committee has been appointed in this case.

## EMERGENCY CONSIDERATION

9. The preparation of the Schedules and Statements is a management-intensive process. The Debtor seeks to extend the deadlines by 16 days to allow the Debtor's management to focus effectively on critical early administration of the case. Since the Involuntary Petition Date, the Debtor's management has worked diligently to obtain debtor-in-possession financing ("DIP") to facilitate an orderly reorganization for the benefit of all interest holders. Having secured proposed DIP financing, the Debtor files its Voluntary Petition simultaneously with various motions for emergency "first day" relief, including a motion for approval of DIP financing and this Extension Motion. Without emergency relief, the deadlines the Debtor seeks to extend will have passed before the Court's consideration of the Extension Motion.

**BASIS FOR RELIEF**

A. **The Debtor's Deadlines for Filing the Schedules and Statements Should Be Extended to Facilitate the Efficient and Orderly Administration of the Case.**

10. Bankruptcy Code § 521 and Bankruptcy Rule 1007(c) ordinarily require the filing of the Schedules and Statements within 14 days after entry of an order for relief. Rule 1007(c) authorizes the Court to extend that deadline for cause shown.

11. Due to the size and complexity of the Debtor's business and its focus on restructuring its financial affairs since the Involuntary Petition Date, the Debtor has not yet had a sufficient opportunity to complete the Schedules and Statements and does not anticipate having the Schedules and Statements ready for filing within the 14-day period prescribed by Bankruptcy Rule 1007(c).

12. The Debtor expects that it will take 30 days to complete, review, and file the Schedules and Statements with the Court. Therefore, the Debtor hereby requests that the Court extend the 14-day period under Bankruptcy Rule 1007(c) for an additional 16 days, so that the deadline will be the date that is 30 days after the Voluntary Petition Date.

13. The Debtor maintains that cause exists to grant the relief requested herein given the large amount of information that must be assembled and compiled and the number of hours that must be devoted by the Debtor's employees and professionals to the task of completing the Schedules and Statement. Meanwhile, the Debtor will continue to work diligently to cooperate with ongoing information requests from creditors, the UST, and other parties in interest.

14. The Debtor submits that no creditor or other party in interest will be prejudiced by the requested extension of time for the filing of the Schedules and Statements. As of the filing of this Extension Motion, the date of the Bankruptcy Code § 341 meeting of creditors has not been scheduled.

15.     This Extension Motion is without prejudice to the Debtor's right to request further extensions of the period within which to file its Schedules and Statements.

**B.     The Debtor's Proposed Notice of Commencement is Adequate.**

16.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of the meeting of creditors under § 341 . . . of the Code . . . ." Bankruptcy Rule 2002(f)(1) further provides that notice of the order for relief shall be sent by mail to all creditors.

17.     Subject to the Court's approval by separate motion of the Debtor's application to retain Prime Clerk LLC as its noticing and claims agent, the Debtor proposes to serve the Notice of Commencement, substantially in the form of Exhibit A to the proposed order attached hereto, to all parties entitled to receive notice of the commencement of the above-captioned case and to advise them of the time and place of the § 341 meeting of creditors.

## NO PRIOR REQUEST

18.     No previous request for the relief sought herein has been made by the Debtor to this Court or any other court.

## NOTICE

19.     Pursuant to Rule 1007(c), notice of this Extension Motion was provided to the office of the United States Trustee, as well as to all other parties listed in the Master Service List.

## PRAYER

20.     The Debtor respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto and granting any other appropriate relief.

Dated: December 2, 2016

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/  Kyung S. Lee*
Kyung S. Lee
TBA No. 12128400
klee@diamondmccarthy.com
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Christopher R. Murray
TBA No. 24081057
cmurray@diamondmccarthy.com
Two Houston Center
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Proposed Counsel for Northstar Offshore Group, LLC, Debtor and Debtor-in-Possession*