UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **NORTHSTAR OFFSHORE** | § | Case No. 16-34028 |
| **GROUP, LLC,** | § | |
| | § | **(Chapter 11)** |
| **DEBTOR.** | § | |

**ORDER AMENDING FINAL ORDER (I) APPROVING POSTPETITION FINANCING, (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) GRANTING ADEQUATE PROTECTION, AND (IV) MODIFYING AUTOMATIC STAY**
**[Related to Dkt 326]**

On January 13, January 16 and January 31, 2017, the Court held a hearing (the "Final Hearing") and entered the *Final Order (I) Approving Postpetition Financing, (II) Granting Liens And Providing Superpriority Administrative Expense Status, (III) Granting Adequate Protection, And (IV) Modifying Automatic Stay* [Dkt. 326] (the "Final DIP Order").[1] On March 15, 2017, Arena Limited DIP I, LLC (the "Administrative Agent") sent the Debtor a Notice of Limited Termination Declaration [Dkt. 383] (the "Limited Termination Notice") asserting that an Event of Default occurred under Section 7.12(b) of the Credit Agreement. The Debtor filed the *Emergency Motion For Entry of Order Amending Final Order (I) Approving Postpetition Financing, (II) Granting Liens And Providing Superpriority Administrative Expense Status, (III) Granting Adequate Protection, And (IV) Modifying Automatic Stay* (the "Emergency Motion") to authorize the Debtor to amend the DIP Loan Documents to address the alleged Event of Default in the Limited Termination Notice. Upon the Emergency Motion and based upon the record of the Final Hearing and the representations of the Debtor in the Emergency Motion and at the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order.

hearing on the Emergency Motion, the Court hereby amends and supplements the Final DIP Order as follows:

1. The Debtor is authorized to enter into an amendment to the DIP Loan Documents (the "Third Amendment") on the terms set forth in this Order.

2. The Third Amendment shall provide that Section 6.18 of the DIP Credit Agreement be revised to replace the existing Milestones with the following:

    (a) On or before April 12, 2017, the Debtor shall have filed with the Bankruptcy Court a motion to (i) sell substantially all of its assets (the "Sale Transaction") and (ii) approve bidding procedures related thereto (the "Sale Motion") in form and substance acceptable to the DIP Agent which shall provide that the proceeds of such sale shall be used to indefeasibly pay in full in cash and completely satisfy the DIP Obligations;

    (b) On or before March 27, 2017, the Debtor shall have filed with the Bankruptcy Court a motion seeking to retain Parkman Whaling as financial advisors to manage the proposed sale process;

    (c) On or before May 17, 2017, the Bankruptcy Court shall have entered an order, in form and substance acceptable to the DIP Agent, approving bid procedures and a timeline for the Sale Transaction (the "Approved Bid Procedures");

    (d) On or before April 24, 2017, the Bankruptcy Court shall have entered an order, in form and substance acceptable to the DIP Agent, approving the retention of Parkman Whaling;

    (e) On or before June 5, 2017, the Debtor shall identify a stalking horse purchaser or purchasers for the Sale Transaction in accordance with the

Approved Bid Procedures and such stalking horse bid shall be sufficient to indefeasibly pay in full in cash and completely satisfy the DIP Obligations;

(f) On or before July 5, 2017, the Debtor shall have conducted an auction, to the extent necessary, in accordance with the Approved Bid Procedures;

(g) On or before July 17, 2017, the Bankruptcy Court shall have entered an order, in form and substance acceptable to the DIP Agent, approving the Sale Transaction which shall provide for the indefeasible payment in full in cash and complete satisfaction of the DIP Obligations;

(h) On or before August 1, 2017, the Sale Transaction shall have closed and the proceeds of such sale shall have been used to indefeasibly pay in full in cash and completely satisfy the DIP Obligations.

3. The Approved Bid Procedures shall provide, among other things, the ability for the DIP Agent to credit bid any or all obligations under the DIP Credit Agreement. Additionally, the Approved Bid Procedures shall make clear that the DIP Agent and DIP Lenders are authorized, but not obligated, to negotiate with and provide financing to any potential bidders and are free to discuss the terms of any financing with any potential bidder.

4. The Third Amendment shall provide for the dates for "Maturity Date" and "Extended Maturity Date" set forth in the DIP Credit Agreement to be extended by 60 days.

5. The Third Amendment shall amend the financial covenant set forth in Section 7.12(d) to provide the PV-10 of the Debtor's Proved Developed Producing Reserves as set forth in the APE Report to be not less than $18,000,000 as calculated using the five-year NYMEX strip price. The Third Amendment shall add a new financial covenant in Section 7.12 requiring an updated APE Report as of June 1, 2017 due June 15, 2017 to provide the PV-10 of the Debtor's Proved Developed Producing Reserves as set forth in the updated APE Report to be not

less than $18,000,000 as calculated using the five-year NYMEX strip price. The definition of APE Report for purposes of the DIP Loan Documents and as defined in Section 6.2(g) of the DIP Credit Agreement shall be revised to utilize "Adjusted Strip Prices" which means, the average closing settlement price for crude oil and natural gas futures contracts for the 2017 calendar year, and, the twelve month average closing settlement price for each of the succeeding four calendar years thereafter, in each case as published by NYMEX, provided that in any event, appropriate adjustments are made to account for severance and ad valorem taxes, gathering, transportation and marketing costs as well as historical basis differentials.

6. Upon execution of the Third Amendment, the Debtor will convey to the DIP Lenders or each such DIP Lender's designee an overriding royalty interest equal to 2.0% of Debtor's interest in High Island A-443, West Cameron 20 and Main Pass 64 (the "ORRIs"), the form and structure of which will be in a form acceptable to the DIP Agent. The ORRIs will be effective April 1, 2017 and will be paid in the ordinary course of business. Upon the full repayment of the DIP Obligations, one-half (1.0%) of the ORRIs held by the DIP Lenders shall revert back to the then owner of High Island A-443, West Cameron 20 and Main Pass 64.

7. The Third Amendment shall provide that the conditions for the Production Funding Date Loan are revised as follows: (i) $1,000,000 will be available upon completion of the recompletion project on High Island A-443 (OCS-G3241) Well# A-5 ST2 BP2 (the "HI A-443 Recompletion") and the Debtor providing evidence satisfactory to the DIP Agent in its sole discretion that the average daily production over the prior thirty (30) days period is in excess of 700 BOE per day, (ii) $500,000 will be available upon completion of the HI A-443 Recompletion and the recompletion project on West Cameron 20 ("WC20 Recompletion" and together with the 443 Recompletion, the "Recompletion Projects")) and the Debtor providing evidence satisfactory to the DIP Agent in its sole discretion that the combined average daily

production over the prior fifteen (15) days period from the Recompletion Projects is in excess of 240 BOE per day, and (iii) $500,000 will be available upon completion of the HI A-443 Recompletion and the WC20 Recompletion and the Debtor providing evidence satisfactory to the DIP Agent in its sole discretion that the combined average daily production from the Recompletion Projects over the prior thirty (30) days period is in excess of 900 BOE per day.

8.  An additional $1,000,000 will be available under the Third Amendment upon the Debtor entering into hedging arrangements acceptable to the DIP Agent with such hedges covering 50% of projected oil and gas production volumes over the ensuing five month period.

9.  The Debtor is authorized to pay the DIP Agent the following as a condition to entry of the Third Amendment consisting of (i) $150,000 covenant default waiver fee; and (ii) $35,000 for a work fee for engineering due diligence to be undertaken by the DIP Agent in conjunction with potentially serving as a stalking horse bidder for the Sale Transaction plus $10,000 a month going forward payable on the first of the month.

10. The Third Amendment shall provide for section 2.6 of the DIP Credit Agreement to be amended to provide for 14.5% non-default cash interest rate and a default cash interest rate equal to 18%.

11. Upon entry of this Order and conditioned on the Debtor filing a lawsuit against Castex Offshore Inc. for recovery of amounts owed in connection with the West Cameron Block 96 Unit, the Event of Default set forth in the Limited Termination Declaration shall be waived and the DIP Lenders shall advance within one Business Day the remaining $1,000,000 of availability of the Funding Date Loan, provided that the Debtor and DIP Agent reserve all of their respective rights relating to any subsequent Defaults or Events of Default under the Loan Documents.

12. The Third Amendment shall amend Section 2.5 to require the Debtor to prepay the DIP Obligations in an amount equal to fifty percent (50%) of the net proceeds received from Castex related to West Cameron Block 96 Unit, and the remaining fifty percent (50%) of the net proceeds may be used by the Debtor in accordance with the DIP Loan Documents and the budget.

13. The DIP Lenders acknowledge that the Main Pass 256/257 lease is set to expire in July 2017 and that the Debtor has no obligation to further consult with the DIP Agent under Section 7.21(e) of the DIP Credit Agreement or take any action to prevent the expiration of such lease.

14. The revised Amended Budget is attached hereto as Exhibit A.

15. All other terms and provisions of the Final DIP Order shall remain the same and in full force and effect.

Dated:   Houston, Texas
         March __, 2017

_____
**THE HONORABLE MARVIN ISGUR**
**UNITED STATES BANKRUPTCY JUDGE**

<u>Exhibit A</u>

Revised Amended Budget

**NORTHSTAR OFFSHORE GROUP, LLC**

Weekly Cash Forecast
3/22/2017

LLS Strip Price as of March 10, 2017

| | Week # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 3/13/2017 | 3/20/2017 | 3/27/2017 | 4/3/2017 | 4/10/2017 | 4/17/2017 | 4/24/2017 | 5/1/2017 | 5/8/2017 | 5/15/2017 | 5/22/2017 | 5/29/2017 | 6/5/2017 |
| | Week Ended | 3/19/2017 | 3/26/2017 | 4/2/2017 | 4/9/2017 | 4/16/2017 | 4/23/2017 | 4/30/2017 | 5/7/2017 | 5/14/2017 | 5/21/2017 | 5/28/2017 | 6/4/2017 | 6/11/2017 |
| **CASH RECEIPTS** | | | | | | | | | | | | | | |
| Gross Oil Revenue | | – | 1,060,000 | – | – | – | 1,452,412 | – | – | – | – | 1,477,032 | – | – |
| Gross Gas Revenue | | – | – | 380,000 | – | – | – | 1,051,732 | – | – | – | 1,142,303 | – | – |
| Gross NGL Revenue | | – | – | – | – | – | – | – | – | – | – | – | – | – |
| Pref Right Exercise | | – | – | – | – | – | – | – | – | – | – | – | – | – |
| JIB Receivables | | – | 68,182 | – | – | 68,182 | – | – | 68,182 | – | – | 68,182 | – | – |
| A/R - Collections | | – | – | 110,000 | – | – | – | 110,000 | – | – | – | 350,000 | – | – |
| Hedge Settlement | | – | – | 99,610 | – | – | – | – | 93,670 | – | – | – | 72,450 | – |
| **TOTAL CASH RECEIPTS** | $ | – $ | 1,128,182 $ | 589,610 $ | – $ | 68,182 $ | 1,452,412 $ | 1,161,732 $ | 161,852 $ | – $ | – $ | 3,037,517 $ | 72,450 $ | – |
| CASH RECEIPTS - ACCRUED AND UNCOLLECTED | $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – |
| **CASH DISBURSEMENTS** | | | | | | | | | | | | | | |
| Surety Bond Premiums / Insurance | | – | – | 125,000 | – | – | – | 125,000 | – | – | – | – | 125,000 | – |
| G&A Expenses | | – | – | 75,000 | – | 50,000 | – | 75,000 | – | – | 50,000 | – | 75,000 | – |
| Payroll | | – | – | 150,000 | – | 150,000 | – | 150,000 | – | – | 150,000 | – | 150,000 | – |
| Louisiana Royalty | | – | 94,474 | – | – | – | – | 91,475 | – | – | – | 86,120 | – | – |
| Federal Royalty | | – | 294,175 | – | – | – | – | 335,397 | – | – | – | 359,661 | – | – |
| Partner Distribution | | – | 116,746 | – | – | – | 107,732 | – | – | – | – | 97,675 | – | – |
| Ad Valorem Taxes / Leasehold | | – | – | 1,400 | – | – | – | – | 83,803 | – | – | – | 28,193 | – |
| Severance Taxes | | – | 63,432 | – | – | – | – | 56,361 | – | – | – | 55,077 | – | – |
| SEMS Audit | | – | – | 75,000 | – | – | – | – | – | – | – | – | – | – |
| Total Field LOE A/P Paid | | 48,925 | – | 1,045,909 | 212,715 | – | 58,883 | 1,307,289 | – | 48,925 | – | 1,258,624 | – | 5,499 |
| Total CapEx A/P Paid | | 96,138 | 100,000 | 100,000 | 125,850 | – | – | 100,000 | – | – | – | – | – | – |
| **TOTAL OPERATING EXPENSES** | $ | 145,063 $ | 668,828 $ | 1,572,309 $ | 338,565 $ | 200,000 $ | 166,615 $ | 2,240,522 $ | 83,803 $ | 48,925 $ | 200,000 $ | 1,857,157 $ | 378,193 $ | 5,499 |
| OPERATING EXPENSES - ACCRUED AND UNPAID | $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – |
| **CHAPTER 11 RELATED EXPENSES** | | | | | | | | | | | | | | |
| U.S. Trustee | | – | – | 13,000 | – | – | – | – | – | – | – | – | – | – |
| 1st Lien Interest | | – | – | 48,000 | – | – | – | 48,000 | – | – | – | – | 48,000 | – |
| 1st Lien Professional Fees | | – | – | 30,000 | – | – | – | 30,000 | – | – | – | – | 30,000 | – |
| 2nd Lien Professional Fees | | – | – | 30,000 | – | – | – | 30,000 | – | – | – | – | 30,000 | – |
| Creditors Committee Professional Fees | | – | – | – | – | – | 125,000 | 125,000 | – | – | – | – | 125,000 | – |
| Ordinary Course Professionals | | 60,000 | – | 80,000 | – | – | – | 60,000 | – | 50,000 | – | – | 60,000 | – |
| Debtor Professional Fees | | – | 135,000 | 170,000 | – | – | – | 195,000 | – | – | – | – | 155,000 | – |
| Debtor Legal Fees | | 385,000 | – | 80,000 | – | – | – | 247,000 | – | – | – | – | 125,000 | – |
| DIP Interest Expense & Lender Fees | | – | 150,000 | 110,000 | 35,000 | – | – | – | 126,705 | – | – | – | 132,847 | – |
| DIP Lender Expenses | | 75,000 | – | – | – | – | – | 15,000 | – | 155,271 | – | – | 65,000 | – |
| **TOTAL CHAPTER 11 RELATED EXPENSES** | $ | 520,000 $ | 285,000 $ | 561,000 $ | 35,000 $ | – $ | 125,000 $ | 750,000 $ | 126,705 $ | 205,271 $ | – $ | – $ | 770,847 $ | – |
| CHAPTER 11 RELATED EXPENSES - ACCRUED AND UNPAID | $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – $ | – |
| **BALANCES & LIQUIDITY** | | | | | | | | | | | | | | |
| **BEGINNING CASH** | $ | 1,053,521 $ | 388,458 $ | 562,812 $ | 19,113 $ | 645,548 $ | 513,729 $ | 1,674,527 $ | 345,737 $ | 297,081 $ | 542,884 $ | 342,884 $ | 1,523,245 $ | 446,655 |
| CF AFTER DEBT SERVICE & NON-OP EXPENSES | $ | (665,063) $ | 174,353 $ | (1,543,699) $ | (373,565) $ | (131,818) $ | 1,160,797 $ | (1,828,790) $ | (48,656) $ | (254,196) $ | (200,000) $ | 1,180,360 $ | (1,076,590) $ | (5,499) |
| **ENDING CASH** | $ | 388,458 $ | 562,812 $ | 19,113 $ | 645,548 $ | 513,729 $ | 1,674,527 $ | 345,737 $ | 297,081 $ | 542,884 $ | 342,884 $ | 1,523,245 $ | 446,655 $ | 441,156 |
| **DIP BORROWINGS** | | | | | | | | | | | | | | |
| Beginning DIP Balance | $ | 7,000,000 $ | 7,000,000 $ | 7,000,000 $ | 8,000,000 $ | 9,000,000 $ | 9,000,000 $ | 9,000,000 $ | 9,500,000 $ | 9,500,000 $ | 10,000,000 $ | 10,000,000 $ | 10,000,000 $ | 10,000,000 |
| Draw/(Repayment) of DIP | $ | – $ | – $ | 1,000,000 $ | 1,000,000 $ | – $ | – $ | 500,000 $ | – $ | 500,000 $ | – $ | – $ | – $ | – |
| **ENDING DIP BALANCE** | $ | 7,000,000 $ | 7,000,000 $ | 8,000,000 $ | 9,000,000 $ | 9,000,000 $ | 9,000,000 $ | 9,500,000 $ | 9,500,000 $ | 10,000,000 $ | 10,000,000 $ | 10,000,000 $ | 10,000,000 $ | 10,000,000 |
| **WORKING CAPITAL** | | | | | | | | | | | | | | |

**NORTHSTAR OFFSHORE GROUP, LLC**
Weekly Cash Forecast
3/22/2017

LLS Strip Price as of March 10, 2017

| | Week # | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 6/12/2017 | 6/19/2017 | 6/26/2017 | 7/3/2017 | 7/10/2017 | 7/17/2017 | 7/24/2017 | 7/31/2017 | 8/7/2017 | 8/14/2017 | 8/21/2017 | 8/28/2017 |
| | Week Ended | 6/18/2017 | 6/25/2017 | 7/2/2017 | 7/9/2017 | 7/16/2017 | 7/23/2017 | 7/30/2017 | 8/6/2017 | 8/13/2017 | 8/20/2017 | 8/27/2017 | 9/3/2017 |
| **CASH RECEIPTS** | | | | | | | | | | | | | |
| Gross Oil Revenue | | – | 1,542,194 | – | – | – | 1,603,105 | – | – | – | 1,787,271 | – | – |
| Gross Gas Revenue | | – | 1,021,981 | – | – | – | – | 956,346 | – | – | – | 925,127 | – |
| Gross NGL Revenue | | – | – | – | – | – | – | – | – | – | – | – | – |
| Pref Right Exercise | | – | – | – | – | – | – | – | – | – | – | – | – |
| JIB Receivables | | – | – | 68,182 | – | – | – | – | 68,182 | – | – | – | – |
| A/R - Collections | | – | – | – | – | – | – | – | – | – | – | – | – |
| Hedge Settlement | | – | – | 50,750 | – | – | – | – | 25,500 | – | – | – | – |
| **TOTAL CASH RECEIPTS** | | $ – | $ 2,564,175 | $ 118,932 | $ – | $ – | $ 1,603,105 | $ 956,346 | $ 93,682 | $ – | $ 1,787,271 | $ 925,127 | $ – |
| CASH RECEIPTS - ACCRUED AND UNCOLLECTED | | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – |
| **CASH DISBURSEMENTS** | | | | | | | | | | | | | |
| Surety Bond Premiums / Insurance | | – | – | 125,000 | – | – | – | – | 125,000 | – | – | – | – |
| G&A Expenses | | 50,000 | – | 75,000 | – | 25,000 | – | – | 75,000 | – | 25,000 | – | 75,000 |
| Payroll | | 150,000 | – | 112,500 | – | 75,000 | – | – | 75,000 | – | 75,000 | – | 75,000 |
| Louisiana Royalty | | – | 86,852 | – | – | – | – | 81,915 | – | – | – | 81,683 | – |
| Federal Royalty | | – | 349,686 | – | – | – | – | 353,391 | – | – | – | 379,017 | – |
| Partner Distribution | | – | 90,641 | – | – | – | 90,399 | – | – | – | 86,544 | – | – |
| Ad Valorem Taxes / Leasehold | | – | – | 34,965 | – | – | – | – | – | – | – | – | – |
| Severance Taxes | | – | 51,674 | – | – | – | – | 52,199 | – | – | – | 49,180 | – |
| SEMS Audit | | – | – | – | – | – | – | – | – | – | – | – | – |
| Total Field LOE A/P Paid | | – | 1,206,077 | – | – | – | – | 1,211,575 | – | – | 48,925 | – | 705,182 |
| Total CapEx A/P Paid | | – | – | – | – | – | – | – | – | – | – | – | – |
| **TOTAL OPERATING EXPENSES** | | $ 200,000 | $ 1,784,928 | $ 347,465 | $ – | $ 100,000 | $ 90,399 | $ 1,699,081 | $ 275,000 | $ – | $ 235,469 | $ 509,880 | $ 855,182 |
| OPERATING EXPENSES - ACCRUED AND UNPAID | | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – |
| **CHAPTER 11 RELATED EXPENSES** | | | | | | | | | | | | | |
| U.S. Trustee | | – | – | 13,000 | – | – | – | – | – | – | – | – | 13,000 |
| 1st Lien Interest | | – | – | 48,000 | – | – | – | – | 48,000 | – | – | – | 48,000 |
| 1st Lien Professional Fees | | – | – | 30,000 | – | – | – | – | 30,000 | – | – | – | 30,000 |
| 2nd Lien Professional Fees | | – | – | 30,000 | – | – | – | – | 30,000 | – | – | – | 30,000 |
| Creditors Committee Professional Fees | | – | – | 30,000 | – | – | – | – | 30,000 | – | – | – | 30,000 |
| Ordinary Course Professionals | | – | – | 30,000 | – | – | – | – | 30,000 | – | – | – | 30,000 |
| Debtor Professional Fees | | – | – | 180,000 | – | – | – | – | 180,000 | – | – | – | 35,000 |
| Debtor Legal Fees | | – | – | 250,000 | – | – | – | – | 125,000 | – | – | – | 65,000 |
| DIP Interest Expense & Lender Fees | | – | – | 136,533 | – | – | – | – | 136,533 | – | – | – | – |
| DIP Lender Expenses | | – | – | 90,000 | – | – | – | – | 75,000 | – | – | – | 75,000 |
| **TOTAL CHAPTER 11 RELATED EXPENSES** | | $ – | $ – | $ 837,533 | $ – | $ – | $ – | $ – | $ 684,533 | $ – | $ – | $ – | $ 356,000 |
| CHAPTER 11 RELATED EXPENSES - ACCRUED AND UNPAID | | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – |
| **BALANCES & LIQUIDITY** | | | | | | | | | | | | | |
| **BEGINNING CASH** | | $ 441,156 | $ 241,156 | $ 1,020,403 | $ 254,337 | $ 254,337 | $ 154,337 | $ 1,667,044 | $ 924,309 | $ 58,458 | $ 58,458 | $ 1,610,261 | $ 2,025,508 |
| CF AFTER DEBT SERVICE & NON-OP EXPENSES | | $ (200,000) | $ 779,247 | $ (1,066,066) | $ – | $ (100,000) | $ 1,512,707 | $ (742,735) | $ (865,851) | $ – | $ 1,551,802 | $ 415,247 | $ (1,211,182) |
| **ENDING CASH** | | $ 241,156 | $ 1,020,403 | $ 254,337 | $ 254,337 | $ 154,337 | $ 1,667,044 | $ 924,309 | $ 58,458 | $ 58,458 | $ 1,610,261 | $ 2,025,508 | $ 814,326 |
| **DIP BORROWINGS** | | | | | | | | | | | | | |
| Beginning DIP Balance | | $ 10,000,000 | $ 10,000,000 | $ 10,000,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 |
| Draw/(Repayment) of DIP | | $ – | $ – | $ 300,000 | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – | $ – |
| **ENDING DIP BALANCE** | | $ 10,000,000 | $ 10,000,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 | $ 10,300,000 |
| **WORKING CAPITAL** | | | | | | | | | | | | | |