IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** | |
| **NORTHSTAR OFFSHORE GROUP, LLC** | Case No.: 16-34028 |
| Debtor. | (Chapter 11) |

**LIMITED OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF ORDER AMENDING (I) BIDDING PROCEDURES ORDER AND (II) FINAL DIP ORDER**
[Relates to Dkt. No. 626]

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Wood Group PSN, Inc., Stallion Offshore Quarters, Inc., Coastal Crewboats, Inc., and Expro Americas, LLC (herein referred to as the "Objecting Creditors"), through undersigned counsel, and files this *Limited Objection to the Debtor's Emergency Motion for Entry of Order Amending (I) Bidding Procedures Order and (II) Final DIP Order* and in support thereof would respectfully represent to the Court the following:

## I. BACKGROUND

1. On August 12, 2016 (the "Involuntary Petition Date"), Montco Oilfield Contractors, LLC, Alliance Offshore, LLC and Alliance Energy Services, LLC (the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") against Northstar Offshore Group, LLC ("Northstar" or the "Debtor") thereby commencing the above-captioned bankruptcy case.

2. On December 2, 2016 (the "Voluntary Petition Date"), the Debtor agreed to convert the involuntary case to a voluntary case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On June 27, 2017, the Debtor filed an *Emergency Motion for Entry of Order Amending (I) Bidding Procedures Order and (II) Final DIP Order* ( the "Emergency Motion to Amend") [Dkt. No.626], for a hearing to be heard today (June 29, 2017) at 1:30 P.M.

4. The Debtor seeks authority to amend the Bidding Procedures Order by extending the sale process deadlines and DIP Milestones. The Debtor also requests that all other terms and provisions in the Bidding Procedures Order and the Bidding Procedures shall remain the same and in full force and effect.

## II. OBJECTION

5. The Objecting Creditors do not object to the extension of deadlines. The concern the Objecting Creditors have regarding the extension of deadlines is that the estate may not have the funds to carry it through to the end of the sale, causing the Debtor to become administratively insolvent. The Objecting Creditors hope this request to extend the deadlines will be in the best interest of the estate and also allows the Committee and other creditors sufficient time to evaluate the Stalking Horse APA recently filed.  To the extent any relief requested that may affect these creditors rights to review and object to the Stalking Horse APA, the Objecting Creditors object.

6. The Objecting Creditors have both general and specific concerns with the Stalking Horse APA attached to the Emergency Motion. In general, several of the proposed provisions should not be approved as they are not in the estate's best interest and would be harmful to the estate's ability to foster interested bidder.  For example, the Objecting Creditors are concerned that the DIP Agent's ability to cherry-pick assets as structured in the Stalking Horse APA will not maximize the value of the assets for all concerned.

7. Second, the proposed break-up fee and expense reimbursement should be denied as the DIP Agent has not, nor is it likely to, provide the estate any actual and necessary benefit and the Objecting Creditors do not want the fees and expenses to have a chilling effect on the bidding process. The auction can continue as an open auction as originally contemplated.

8. Third, the Objecting Creditors object to the approval of the "Backup Successful Bidder," as the proposed Stalking Horse APA fails to preserve the Objecting Creditors' statutory liens and eliminates the protections afforded to other creditors similarly situated to the Objecting Creditors under a plan process. Thus, it fails to satisfy Section 363(b) and (f). Consequently, approval of the Backup Successful Bidder should be denied.

9. Fourth, the Objecting Creditors object to the provisions in Section 1.2 (n) Seller's cash on hand, (o) Seller's causes of action, and (p) directors and officers insurance policies. The sale of the Debtor's causes of action as outlined in Section 1.2 (o) has not been marketed by Parkman Whaling and thus, there is insufficient information for all parties to evaluate and bid against the causes of action. There is no information or diligence that has been done to support the debtor's business judgment to sell its causes of action.

### III. RESERVATION OF RIGHTS

10. The Objecting Creditors do not oppose a sale of the Debtor's assets following a full and complete marketing effort, yet reserves all rights to object to any ultimate sale proposal.

11. The Objecting Creditors expressly reserve all of their rights to assert additional objections to the Emergency Motion to Amend and/or to amend or supplement this Limited Objection at any time prior to or at any hearing to consider the Sale of Assets.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Objecting Creditors pray that, upon hearing, the Court condition approval of the Debtor's *Emergency Motion for Entry of Order Amending (I) Bidding Procedures Order and (II) Final DIP Order* to appropriately address the concerns of the Objecting Creditors as set out above or raised at the hearing, and for such other and further relief to which the Objecting Creditors may be entitled.

Dated: June 29, 2017

                                      Respectfully submitted,

                                      **DORÉ LAW GROUP, P.C.**

By:    */s/ Kim Lewinski*
        Carl Doré, Jr.
        State Bar No. 06000600
        Kim Lewinski
        State Bar No. 24097994
        17171 Park Row, Suite 160
        Houston, Texas 77084
        (281) 829-1555
        (281) 200-0751 Fax
        Email: carl@dorelawgroup.net
        Email: klewinski@dorelawgroup.net

*Attorneys for Wood Group PSN, Inc., Stallion Offshore Quarters, Inc., Coastal Crewboats, Inc. and Expro Americas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2017, a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System to all parties registered or otherwise entitled to receive electronic notices.

By: */s/ Kim Lewinski*
Kim Lewinski