# **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| NORTHSTAR OFFSHORE | § | Case No. 16-34028 |
| GROUP, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR. | § | |

**ORDER (I) APPROVING THE SALE OF SUBSTANTIALLY**
**ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF**
**CLAIMS, LIENS, INTERESTS AND ENCUMBRANCES; (II) APPROVING**
**THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of ~~the~~Northstar Offshore Group, LLC's (the "Debtor") motion (the

"Motion")[1] [ECF No. ~~_____] filed by Northstar Offshore Group, LLC (the "Debtor")~~437]

seeking entry of an order authorizing and approving, among other things, the sale (the "Sale") of

substantially all of the Debtor's assets (the "~~Sale~~Assets")~~,~~ free and clear of ~~Liens~~liens and

Claims~~,~~ pursuant to that certain Asset Purchase Agreement dated ~~_____~~as of July

14, 2017 (the "Purchase Agreement")~~,~~ attached hereto as Exhibit A, by and between the Debtor

and ~~_____~~Northstar Offshore Ventures LLC (the "Buyer"), and the assumption

and assignment of the executory contracts and unexpired leases identified on Exhibit B attached

hereto (the "Assumed and Assigned Contracts"); and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other

parties~~-~~ in~~-~~ interest; and after due deliberation thereon, and good and sufficient cause appearing

therefor, including[2] for the reasons stated on the record at the hearing seeking approval of the

Sale (the "Sale Hearing"):

[1]    Capitalized terms ~~used but~~ not otherwise defined herein ~~are to be given~~have the meanings ascribed to them in the
Motion~~or~~, the Purchase Agreement or the Bidding Procedures Order (defined below), as applicable.
[2]    The words "include," "includes" or "including" when used in this Order shall be deemed to be followed by the
words "without limitation," whether or not they are in fact followed by those words or words of like import.

IT IS HEREBY FOUND AND DETERMINED THAT:[23]

A.    The Court has jurisdiction to ~~hear and determine~~consider the Motion and to grant the relief requested ~~in the Motion~~therein pursuant to 28 U.S.C. § 1334.  ~~Venue of this Chapter 11 Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.~~  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this Court is proper under 28 U.S.C. § 1408 and 1409.

B.    The ~~statutory and~~ legal predicates for the relief requested in the Motion are §§ 105, 363 and 365 of ~~title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the~~ "~~the~~ Bankruptcy Code~~"), and.~~  Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004, ~~6006, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")~~ 6006 and 9014.

C.    In accordance with the provisions of the *Order (A) Approving Sale and Bidding Procedures in Connection With Sale of Assets of the Debtor, (B) Approving Form and Manner of Notice, (C) Scheduling Auction and Sale Hearing, (D) Authorizing Procedures Governing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (E) Granting Related Relief* [ECF No. ~~_____]~~ (504] (as subsequently amended, including, without limitation, amendments relating to, among other things, the Bidding Procedures' deadlines set forth in ECF No. 650, collectively, the "Bidding Procedures Order"), and as evidenced by the certificate of service previously filed with this Court, the Debtor served the Sale Notice ~~(as defined in the Bidding Procedures Order)~~, together with a copy of the Bidding Procedures Order and the Bidding Procedures ~~(as defined in the Bidding Procedures Order)~~, on (i) all entities contacted by Parkman Whaling, LLC, the Debtor's investment banker, or known by the Debtor

---

[23]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* Fed. R. Bankr. P. 7052.

to have expressed an interest in entering into a transaction involving the Assets within the last eighteen (18) months; (ii) all state and local taxing authorities or recording offices which have a reasonably known interest in the relief requested; (iii) all of the Debtor's insurers; (iv) all non-debtor parties to the Debtor's contracts or leases (executory or otherwise) as identified by the Debtor; (v) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any ~~lien~~Lien, encumbrance, ~~claim~~Claim, or other interest in any of the Assets; ~~and~~ (vi) upon all parties set forth in the Debtor's ~~Master Service List and Creditor Matrix~~master service list and creditor matrix maintained in these cases ~~(to the extent any party to receive notice thereby has not received notice pursuant to sections (i) through (v) above).  The notice given by the Debtor~~; and (viii) all holders of Preferential Purchase Rights.  Based upon the certificates of service [ECF Nos. 443, 521, 532, 554, 590, 620], and the evidence presented as the Sale Hearing: (1) proper, timely, adequate, and sufficient notice of the Motion, the Bidding Procedures Order, the Bidding Procedures, the Sale Hearing, ~~and the Sale constitutes good and sufficient notice of the relief granted by this Order and no further notice is required.  A~~the Sale and the transactions contemplated thereby, including without limitation, the assumption and assignment of the Assigned Contracts to the Buyer, has been provided in accordance with the Bid Procedures Order, sections 102(1), 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 4001, 6004, 6006, 9006, 9007, and 9014; (2) such notice was good and sufficient, appropriate under the particular circumstances and reasonably calculated to reach and apprise all known and unknown holders of liens, claims and encumbrances and (3) no other or further notice of the Motion, the Sale Hearing, the Sale, the assumption and assignment of the Assumed Contracts or the related Cure Amounts is or shall be required.  In addition, the Sale Notice was posted on the Debtor's case information website for the Chapter 11 Case,

https://cases.primeclerk.com/northstar.  Further, a reasonable opportunity to object ~~or~~to and to be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 6004(a).

D.    The Assets sought to be transferred and/or assigned by the Debtor to the Buyer pursuant to the Purchase Agreement are property of the Debtor's estate and title thereto is vested in the Debtor's estate.  For the sake of clarity, such Assets do not include any claims held by the Debtor against third parties, for instance, and without limitation, avoidance actions including under chapter 5 of the Bankruptcy Code and applicable non-bankruptcy law, claims resounding in director and officer liability, and other issues.

E.    The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders, and afforded notice and a full, fair and reasonable opportunity for any person to make a higher or otherwise better offer to purchase the Assets.

F.    ~~D.~~ The Debtor and the Buyer negotiated, proposed, and entered into the Purchase Agreement without collusion or fraud, in good faith, and from arm's-length bargaining positions. ~~E.~~   The Buyer is, therefore, purchasing the Assets in good faith and is a good faith Buyer within the meaning of § 363(m) of the Bankruptcy Code.  The Buyer is not an "insider" or "affiliate" of the Debtor as those terms are defined in §§ 101(31) and 101(2) of the Bankruptcy Code.  Neither the Debtor nor the Buyer has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under § 363(n) of the Bankruptcy Code. ~~F.  The Buyer is purchasing the Assets in good faith and is a good-faith Buyer within the meaning of § 363(m) of the Bankruptcy Code.~~  The Buyer proceeded in good faith in connection with all aspects of the Sale.  The Buyer (i) recognized that the Debtor was free to deal with any other party interested in acquiring the Assets, (ii) complied with the Bidding Procedures Order and Bidding Procedures in

all respects and (iii) willingly subjected the bid to the competitive Bidding Procedures approved in the Bidding Procedures Order.  All payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with ~~all aspects of~~ the Sale have been disclosed, neither the Buyer or the Debtor has violated section 363(n) of the Bankruptcy Code by any action or inaction, and no common identity of directors or controlling stockholders exists between and among the Buyer on the one hand, and the Debtor, on the other.  Accordingly, the Buyer is entitled to all of the protections afforded under § 363(m) of the Bankruptcy Code, including in the event this Order or any portion thereof is reversed or modified on appeal, and otherwise has proceeded in good faith in all respects in connection with this Chapter 11 Case and the Sale.

G.      ~~Other parties have had~~The Debtor and its professionals marketed the Assets and conducted the marketing and sale process in compliance with the Bidding Procedures and the Bidding Procedures Order.  Based upon the record of these proceedings, creditors and other parties in interest and prospective purchasers were afforded a reasonable and fair opportunity to bid and make a higher or otherwise better offer to purchase the Assets.  ~~[Regardless, the Debtor did not receive a Qualified Bid other than the Purchase Agreement prior to the Bid Deadline.~~ The Debtor received Qualified Bids from Arena Limited DIP I, LLC ("Arena") and Acadia Energy Holdings, LLC ("Acadia") in addition to the Buyer's Qualified Bid (as set forth in the Purchase Agreement).  The bids submitted by Arena and Acadia, however, were not superior to the Buyer's bid, and after engaging in discussions with the Debtor regarding whether either party intended to amend its respective bid to compete with the Buyer's bid, Arena and Acadia informed the Debtor that neither intended to amend their respective bids and both consented to the cancellation of the Auction. Therefore, in accordance with the Bidding Procedures~~Order, (i)~~

5

the Debtor did not conduct the Auction, and (ii), the Debtor determined that the Purchase Agreement(i) the Buyer's Qualified Bid constituted the highest and best offer for the Assets and selected the Buyer's Qualified Bid (as set forth in the Purchase Agreement as the Successful Bid.]) as the Successful Bid, (ii) there was no need for the Auction to occur, and (iii) canceled the Auction to preserve estate assets.  Accordingly, to inform interested parties of the foregoing, the Debtor filed its *Notice of Cancellation of Auction* on July 23, 2017 [ECF No. 703].  A copy of the Purchase Agreement was attached to the Notice of Cancellation as Exhibit A.   The Debtor's determination that the Purchase Agreement constitutes the highest and best offer for the Assets and the Debtor's selection of the Purchase Agreement as the Successful Bid constitute a valid and sound exercise of the Debtor's business judgment.

H.   The total consideration provided by the Buyer pursuant to the Purchase Agreement (i) is fair and adequate, (ii) is the highest or otherwise best offer for the Assets, (iii) is in the best interests of the Debtor, its creditors, its estate and other parties in interest; (iv) will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative, and (ivv) constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of theunder the Uniform Voidable Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and § 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under Law.the Bankruptcy Code and any other applicable laws.  The Debtor's determination that the Purchase Agreement constitutes the highest and best offer for the Assets and the Debtor's selection of the Purchase Agreement as the Successful Bid constitute a valid and sound exercise of the Debtor's business judgment.  Neither the Debtor nor the Buyer engaged in any conduct that would cause or permit the Purchase Agreement or the consummation of the Sale to be avoided, or costs or damages to

be imposed, under § 363(n) of the Bankruptcy Code, any other law of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. The Purchase Agreement was not entered into, and the Sale is not being consummated, for the purpose of hindering, delaying or defrauding creditors of the Debtor under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. Neither the Debtor nor the Buyer has entered into the Purchase Agreement or is consummating the Sale with any fraudulent or otherwise improper purpose. Other than the Buyer, no person, entity or group of persons or entities has offered to purchase the Assets for an amount that would provide greater economic value to the Debtor and its estate. The Court's approval of the Motion as set forth herein, the Sale, and the Purchase Agreement is in the best interests of the Debtor, its estate and creditors and all other parties in interest.

I.      The Debtor and its professionals conducted the sale process in compliance with the Bidding Procedures Order, and afforded potential purchasers a full, fair and reasonable opportunity to make a higher or otherwise better offer for the Assets than the offer reflected in the Purchase Agreement.

J.      Based on the evidence presented at the Sale Hearing, the Buyer is willing, authorized, capable, and qualified—financially, operationally, legally, and otherwise—to perform all obligations under the Purchase Agreement, including to procure replacement performance bonds and assume all Assumed Liabilities with respect to the Assets to be sold pursuant to the Purchase Agreement. Specifically, the Court concludes that the Buyer (i) has sufficient capital to operate the Assets; (ii) upon the Closing, will have personnel qualified to continue operation of the Assets without disruption; (iii) has corporate authority to purchase the

Assets; (iv) upon the Closing, will have or after Closing, consistent with the Purchase Agreement, is likely to have, all necessary governmental authority to operate the Assets, including sufficient bonding for the Assets to satisfy all governmental requirements.   No consents or approvals of the Debtor, other than those expressly provided for in the Purchase Agreement or this Order, are required for the Debtor to consummate the Sale.

> K.   ~~I. The Buyer is not a mere continuation of the Debtor or its estate, and there is no continuity of enterprise between the Buyer and the Debtor.  The Buyer is not holding itself out to the public as a continuation of the Debtor.  The Buyer is not a successor to the Debtor or its estate and the Sale does not amount to a consolidation, merger, or de facto merger of the Buyer and the Debtor.  The Buyer will not have any successor or transferee liability for liabilities of the Debtor or any affiliate of the Debtor (whether under federal or state law or otherwise) as a result of the sale of the Assets, except with respect to Assumed Liabilities and Permitted Encumbrances.~~   Upon the Closing, except as included in the Assumed Liabilities, the Buyer shall not, and shall not be deemed to: (i) be the successor of or successor employer[4] to the Debtor, and shall instead be, and be deemed to be, a new independent entity from the Debtor and employer with respect to any and all federal or state unemployment laws, including any unemployment compensation or tax laws, or any other similar federal or state laws, (ii) have, *de facto* or otherwise, merged or consolidated with or into the Debtor, (iii) be a mere continuation or substantial continuation of the Debtor or the enterprise(s) of the Debtor, or (iv) be liable for any acts or omissions of the Debtor in the conduct of its business or arising under or related to the Assets other than as set forth in the Purchase Agreement.  Without limiting the generality of the foregoing, and except as otherwise provided in the Purchase Agreement, the parties intend that the Buyer shall not be liable for any liability (other than Assumed Liabilities) against the Debtor,

---

[4]   As described in COBRA (defined below) and in any other applicable law or regulation.

or any of its predecessors or Affiliates, and the Buyer shall have no successor or vicarious liability of any kind or character whatsoever, whether known or unknown as of the Effective Time, whether now existing or hereafter arising, whether asserted or unasserted, or whether fixed or contingent, with respect to the Debtor's business, the Assets or any liabilities of the Debtor arising prior to the Effective Time.  The Buyer would not have purchased the Assets but for the foregoing protections against potential Claims based upon "successor liability" theories.

L.      J.  All parties- in- interest have the ability and the opportunity to assert claimsClaims against the Debtor.

M.      K.  Each and every provision of the Assigned Contracts or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any Assigned Contract has been satisfied or is otherwise unenforceable under section 365 of the Bankruptcy Code.  In accordance with the provisions of the Bidding Procedures Order, and as evidenced by the certificate of service previously filed with this Court, the Debtor served an Assumption and Assignment Notice [ECF No. _____] (as defined in the Bidding Procedures Order)the following: (i) *Notice of (I) Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Proposed Cure Amounts* [Docket No. 544]; (ii) *First Supplemental Notice of (I) Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Proposed Cure Amounts* [Docket No. 591]; (iii) *Second Supplemental Notice of (I) Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Proposed Cure Amounts* [Docket No. 649]; and (iv) *Notice of (I) Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Proposed Cure Amounts* [Docket No. 725], on the Contract Counterparties identified therein that identified, to

the extent applicable, (i) the ~~Assumed and~~ Assigned Contract(s) with such Contract ~~Counterparty~~Counterparties; (ii) the name and address of ~~the~~such Contract ~~Counterparty thereto~~Counterparties; (iii) ~~notice of~~ the proposed effective date of the assignment (subject to the right of the Debtor and the Buyer to withdraw ~~such~~the request for assumption and assignment of the Assumed and Assigned Contract(s) prior to the Closing); (iv) the Cure Amount, if any, under ~~such~~the Assumed and Assigned Contract(s); and (v) the deadlines by which ~~any such~~ ~~Contract Counterparty must file an objection to the proposed assumption and assignment of such~~ ~~Assigned Contract(s). L.     [On or about _____, 2017, the Debtor served a~~ ~~Supplemental Assumption and Assignment Notice [ECF No. _____] on the~~such Contract Counterparties ~~identified therein that identified, to the extent applicable, (i) the Assigned~~ ~~Contract(s) with such Contract Counterparty; (ii) the name and address of the Contract~~ ~~Counterparty thereto; (iii) notice of the proposed effective date of the assignment (subject to the~~ ~~right of the Debtor to withdraw such request for~~must file an objection to the proposed assumption and assignment of the Assumed and Assigned ~~Contracts prior to the closing of the~~ ~~Sale); (iv) the Cure Amount, if any, under such Assigned Contract(s); and (v) the deadlines by~~ ~~which any such Contract Counterparty must file an objection to the proposed assumption and~~ ~~assignment of such Assigned Contract(s).]~~Contract(s). The notice given by the Debtor of the assumption and assignment of the Assumed and Assigned Contracts and the associated Cure Amounts constitutes good and sufficient notice and no further notice is required in connection therewith. Upon the assignment and sale to the Buyer, the Assigned Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order, and shall be assigned and transferred to the Buyer, notwithstanding any provision in the Assigned Contracts prohibiting or otherwise restricting assignment or transfer,

and the Debtor, its estate or any of their predecessors, successors or assigns, shall have no further liability or obligation under the Assigned Contracts.

N. ~~M.~~ The assumption and assignment of the Assumed and Assigned Contracts is integral to the Purchase Agreement and is in the best interests of the Debtor, its estate, its creditors, and other parties~~-~~ in~~-~~ interest, and represents the Debtor's reasonable exercise of sound and prudent business judgment. ~~The Cure Amounts set forth on Exhibit B attached hereto are the amounts necessary to cure all monetary defaults and to pay all actual pecuniary losses under the Assumed and Assigned Contracts under §§ 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code.N.~~ The Buyer has demonstrated adequate assurance of future performance of all Assigned Contracts within the meaning of section 365 of the Bankruptcy Code by the Buyer or any of its affiliates or designees to which an Assigned Contract is assumed and assigned by the Debtor.  The Assigned Contracts being assigned to the Buyer are an integral part of the Sale of the Assets and, accordingly, their assumption and assignment are reasonable and an enhancement to the value of the Debtor's estate.  Evidence adduced at the Sale Hearing demonstrates adequate assurance of future performance by the Buyer with respect to the Assumed and Assigned Contracts pursuant to § 365~~(b)(l)(C~~ (f)(2)(B) of the Bankruptcy Code ~~and the~~. The Buyer shall be responsible for satisfying the Cure Amounts.

O. The Buyer would not have entered into the Purchase Agreement and would not consummate the Sale if the Sale to the Buyer were not free and clear of all claims, lien, interests and encumbrances (other than Assumed Liabilities), including Claims, liens, and Interests as defined herein, pursuant to § 363(f) of the Bankruptcy Code or if the Buyer would, or in the future could, be liable for any of such claims, liens, interests and encumbrances.  Unless expressly included in the Purchase Agreement, the Buyer shall not be responsible for any claims,

liens, interests and encumbrances, including in respect of the following: (i) any labor or employment agreements; (ii) any mortgages, deeds of trust or security interests; (iii) any health or welfare, compensation or other employee benefit plans, agreements, practices or programs; (iv) any other employee, worker's compensation, occupational disease or unemployment or temporary disability related Claim, including, without limitation, Claims that might otherwise arise under or pursuant to (a) Employee Retirement Income Security Act of 1974, as amended ("ERISA"), (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (g) the Americans with Disabilities Act of 1990, (h) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code and of any similar state law (collectively, "COBRA") (except as otherwise specifically provided in the Purchase Agreement), (i) state discrimination laws, (j) state unemployment compensation laws or any other similar state laws, or (k) any other state or federal benefits or Claims relating to any employment with the Debtor or any of its predecessors; (v) any liabilities arising under any Environmental Laws with respect to any assets owned or operated by the Debtor or any predecessor of the Debtor at any time prior to the Effective Time; (vi) any bulk sales or similar law; (vii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (viii) any Excluded Liabilities.

P.      The Debtor is the sole and lawful owner of the Assets, or otherwise has a valid, enforceable property interest in such, and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

Q.   ~~O.~~ The consummation of the ~~sale of the Assets~~Sale to the Buyer and the assumption and assignment of the Assumed and Assigned Contracts is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, §§ 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.  In particular, the Debtor may sell the Assets free and clear of all Liens and Claims (except for Assumed Liabilities and Permitted Encumbrances) of any kind or nature whatsoever because, in each case, one or more of the standards set forth in §§ 363(f)(l)-(5) of the Bankruptcy Code have been satisfied.  Any party with an interest in the Assets who did not object, or who withdrew its objection, to the Sale or the Motion is deemed to have consented pursuant to § 363(f)(2) of the Bankruptcy Code.  Any party with a Lien, Claim, or other interest in the Assets who did object falls within one or more of the other subsections of § 363(f) of the Bankruptcy Code and is adequately protected by having its Lien, Claim, or other interest, if any, attach to the net cash proceeds of the Sale ultimately attributable to the Assets against or in which such Liens or other interests are asserted with the same validity, enforceability, priority, and force and effect as they had against the Assets or their proceeds as of the ~~Petition Date.~~Voluntary Petition Date.  Notwithstanding the preceding provisions of this paragraph, to the extent any Claims, liens and interests are "Senior Statutory Liens" as defined in the Final DIP, the Assets will not be sold free and clear of the "Senior Statutory Liens" as further described herein.

R.   Accordingly, subject to section 363(f) of the Bankruptcy Code, and except as otherwise provided in the Purchase Agreement or this Order, the transfer of each of the Assets to the Buyer will be, as of the Closing Date, a legal, valid, and effective transfer of the Assets, which transfer vests or will vest the Buyer with all right, title, and interest of the Debtor to the

Assets free and clear of, among other things, (i) all Claims, liens, interests and encumbrances (other than Assumed Liabilities and Permitted Encumbrances), (ii) all debts arising under, relating to, or in connection with any act of the Debtor or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of the Debtor's Chapter 11 Case, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, rights with respect to Claims and liens (x) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, consent right, Preferential Purchase Rights, other purchase or repurchase right or option, or termination of, the Debtor's or the Buyer's interests in the Assets, or any similar rights, or (y) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including, without limitation, any restriction on use, voting, transfer, receipt of income or other exercise of any attributes of ownership), relating to, accruing or arising any time prior to or on the Closing Date, with the exception of Assumed Liabilities and Permitted Encumbrances.

S.      There is no better available alternative for the Assets than the Sale to the Buyer. The Sale contemplated by the Purchase Agreement is in the best interests of the Debtor, its estate and creditors, and all other parties in interest.

T.      Subject to the entry of this Order, the Debtor: (i) has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby; (ii) has all of the power and authority necessary to consummate the  transactions contemplated by the Purchase Agreement; and (iii) has taken all corporate action necessary to authorize and approve the

14

Purchase Agreement and the Sale, and all other actions required to be performed by the Debtor to consummate the transactions contemplated in the Purchase Agreement. No consents or approvals, other than those expressly provided for in the Purchase Agreement or this Order, are required for the Debtor to consummate the Sale.

U. P. The Debtor served the Sale Notice (as defined in the Bidding Procedures Order), together with a copy of the Bidding Procedures Order and the Bidding Procedures (as defined in the Bidding Procedures Order), on each and all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim Claim, Preference Right, Transfer Requirement, or other interest in any of the Assets. [None of these parties filed an objection to the Motion or have otherwise objected to the relief granted pursuant to this Order.]

V. Good and sufficient reasons for approval of the Purchase Agreement and the Sale have been articulated by the Debtor. The Debtor has demonstrated a good, sufficient and sound business purpose for the Sale outside: (a) the ordinary course of business, pursuant to § 363(b) of the Bankruptcy Code; and (b) a plan of reorganization, because, among other things, the immediate consummation of the Sale is necessary and appropriate to maximize the value of the Debtor's estate. To maximize the value of the Assets and preserve the viability of the operations to which the Assets relate, it is essential that the Sale occur within the time constraints set forth in the Purchase Agreement. Time is of the essence in consummating the Sale.

W. Because the entry into and consummation of the Purchase Agreement constitutes the exercise by the Debtor of sound business judgment, the Debtor, its respective members, officers, directors, employees, advisors, professionals or agents, shall have or incur no liability to the estate or any holder of a Claim or equity interest for any act or omission in connection with,

15

related to, or arising out of the negotiations of the Purchase Agreement or the consummation of the transactions contemplated thereunder, other than liability arising out of or relating to any act or omission that constitutes a breach of the Purchase Agreement, willful misconduct, fraud or gross negligence, in each case as determined by a court of competent jurisdiction.

X.     The Sale does not constitute a *sub rosa* chapter 11 plan.   The Sale neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor.

Y.     An injunction against creditors and third parties pursuing Claims against, and liens, interests and encumbrances on, the Assets is necessary to induce the Buyer to close the Sale, and the issuance of such injunctive relief is therefore necessary to avoid irreparable injury to the Debtor's estate and will benefit the Debtor's creditors.

Z.     This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.     The relief requested in the Motion is GRANTED and the Sale and Purchase Agreement are approved, all as set forth ~~herein.2.~~ in this Order.  All objections to the Motion, ~~as they pertain to the entry of this Order,~~ to the Bidding Procedures, and/or otherwise to the Sale are overruled on the merits, with prejudice, to the extent they have not been withdrawn, waived or otherwise resolved.

2.     ~~3.~~ Pursuant to §§ 105(a), 363(b), 363(f), 365(b), and 365(f) of the Bankruptcy Code, the Debtor is authorized to sell and transfer all of the Debtor's right, title and interest in

and to the Assets to the Buyer in accordance with the Purchase Agreement (including any ancillary documents) on the Closing Date and such sale and transfer shall (a) constitute a legal, valid, binding, and effective transfer of the Assets, (b) upon the Debtor's receipt of the Purchase Price, vest the Buyer with all right, title and interest of the Debtor to the Assets, free and clear of all ~~Liens~~liens, Claims, Preference Rights, Transfer Requirements, and other interests in and on the Assets pursuant to § 363(f) of the Bankruptcy Code (other than the ~~Liens~~liens created by the Buyer, the Permitted Encumbrances and the Assumed Liabilities), and (c) constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the state in which ~~Seller~~Debtor is incorporated and any other applicable non-bankruptcy ~~Laws~~laws.

3.    Each of the Debtor and the Buyer are hereby authorized and directed to take any and all actions necessary or appropriate to:  (i) close and consummate the Sale in accordance with the Motion, the Purchase Agreement and this Order; (ii) assume and assign to the Buyer the Assumed and Assigned Contracts; and (iii) perform, consummate, implement and close fully the Purchase Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement.  The Debtor and each other party to the Sale documents are hereby authorized and directed to perform each of their covenants and undertakings as provided in the Purchase Agreement (including any ancillary documents) prior to or after the Closing Date without further order of the Court.  The Buyer and the Debtor shall have no obligation to close the Sale except as is contemplated and provided for in the Purchase Agreement.

4.    Except as otherwise provided in the Purchase Agreement, all Persons (including, without limitation, customers, vendors, lessors, warehousemen, mechanics, repairmen, repair

facility operators, storage facility operators, bailees, consignees, and other parties in possession of any of the Assets at any time) holding ~~Liens or~~liens, Claims, Preference Rights, or Transfer Requirements of any kind or nature whatsoever against the Debtor or the Assets shall be and hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, commencing, continuing, or otherwise pursuing in any manner any action, ~~claim~~Claim, or other proceeding of any kind, directly or indirectly, against the Buyer, any Affiliates of the Buyer (as they existed immediately prior to the Closing), or the Assets, including any action, ~~claim~~Claim, or other proceeding seeking to prevent or interfere with the consummation of the Sale, with the retrieval by the Buyer or the delivery to the Buyer of possession of the Assets, or with any access to or any use, benefit, or enjoyment of the Assets by the Buyer, except with respect to Assumed Liabilities and the Permitted Encumbrances.  All Persons that are in possession of any of the Assets on the Closing Date are directed to surrender possession of such Assets to the Buyer or its assignee on the Closing Date (or as soon as possible after demand is made by the Buyer following the Closing Date).  Following the Closing Date, no holder of a Lien, Claim or other interest in or against the Debtor or the Assets shall interfere with the Buyer's title to or use and enjoyment of the Assets based on or related to any such ~~Lien~~lien, Claim, or other interest, except with respect to Assumed Liabilities and Permitted Encumbrances.

5.    Upon the Closing: (a) the Debtor is hereby authorized and directed to consummate, and shall be deemed for all purposes to have consummated, the sale, transfer and assignment of all of the Debtor's rights, title and interest in the Assets to the Buyer free and clear of all liens, Claims and liabilities, other than the Assumed Liabilities; and (b) except as expressly provided in the Purchase Agreement, all liens, Claims and liabilities (other than the Assumed Liabilities) shall not be enforceable against the Buyer or the Assets. Unless expressly included in

18

the Assumed Liabilities or as otherwise expressly provided in this Order, the Buyer shall not be responsible for any Claims, liens, interests and encumbrances, including in respect of the following: (i) any labor or employment agreements; (ii) any mortgages, deeds of trust or security interests; (iii) any pension, health or welfare, compensation or other employee benefit plans, agreements, practices or programs, including, without limitation, any pension plan of the Debtor or any multiemployer plan to which the Debtor has at any time contributed to or had any liability or potential liability; (iv) any other employee, worker's compensation, occupational disease or unemployment or temporary disability related Claim, including, without limitation, Claims that might otherwise arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (g) the Americans with Disabilities Act of 1990, (h) COBRA, (i) state discrimination laws, (j) state unemployment compensation laws or any other similar state laws, or (k) any other state or federal benefits or Claims relating to any employment with the Debtor or any of its predecessors; (v) liabilities arising under any Environmental Laws with respect to any assets owned or operated by the Debtor or any predecessor of the Debtor at any time prior to the Effective Time; (vi) any bulk sales or similar law; (vii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (viii) any Excluded Liabilities.  A certified copy of this Order may be filed with the appropriate clerk and/or recorder to cancel or extinguish any such Lien, Claim, interest or encumbrance of record, and each appropriate clerk and/or recorder is hereby ordered to accept a certified copy of this Order as evidence of the cancellation or extinguishment of any such Lien, Claim, interest or encumbrance.

6.      The transfer to the Buyer of the Debtor's rights, title and interest in the Assets pursuant to the Purchase Agreement shall be, and hereby is deemed to be, a legal, valid and effective transfer of the Debtor's rights, title and interest in the Assets, and vests in or will vest in the Buyer all rights, title and interest of the Debtor in the Assets, free and clear of all Claims, liens, interests and encumbrances of any kind or nature whatsoever (other than the Assumed Liabilities and Permitted Encumbrances), with any such Claims, liens, interests and encumbrances attaching to the proceeds of the Sale in the same validity, extent and priority as immediately prior to the Sale, subject to the provisions of the Purchase Agreement, and any rights, Claims and defenses of the Debtor and other parties in interest.

7.      None of the Buyer or its affiliates, successors, assigns, equity holders, employees or professionals shall have or incur any liability to, or be subject to any action by the Debtor or its estate, predecessors, successors or assigns, arising out of the negotiation, investigation, preparation, execution, delivery of the Purchase Agreement and the entry into and consummation of the Sale, except as expressly provided in the Purchase Agreement and this Order.

8.      Except as expressly provided in the Purchase Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, vendors, suppliers, employees, trade creditors, litigation claimants and other persons, holding Claims, liens, interests or encumbrances of any kind or nature whatsoever against or in the Debtor or the Debtor's interests in the Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this Chapter 11 Case, whether imposed by agreement, understanding, law, equity or otherwise), including, without limitation, the non-debtor party or

20

parties to each Assumed and Assigned Contract, arising under or out of, in connection with, or in any way relating to, the Assets or the transfer of the Debtor's interests in the Assets to the Buyer, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing Claims, liens, interests and encumbrances against the Buyer or its affiliates, successors, assigns, equity holders, employees or professionals, the Assets, or the Debtor's interest in such Assets.  Following the Closing, no holder of a Claim, Lien, interest or encumbrance against the Debtor shall interfere with the Buyer's title to or use and enjoyment of the Assets based on or related to any such Claim, lien, interest or encumbrance, and except as otherwise provided in the Purchase Agreement or this Order, all such Claims, Liens, interests or encumbrances, if any, shall transfer and attach to the proceeds from the Sale in the order of their priority, with the same validity, force and effect which they have against such Assets as of the Closing, subject to the Debtor's estate's or the Debtor's rights, Claims and defenses with respect thereto.  All persons are hereby enjoined from taking action that would interfere with or adversely affect the ability of the Debtor to transfer the Assets in accordance with the terms of the Purchase Agreement and this Order.  Nothing in this Order precludes the bringing of a lawsuit against the Buyer or its assigns with respect to an obligation that is an assumed obligation under an Assumed and Assigned Contract or that first arises under an Assumed and Assigned Contract after the Closing of the Sale.

9.      The Purchase Agreement has been entered into with the Buyer in good faith and the Buyer is a good faith purchaser of the Assets as that term is used in § 363(m) of the Bankruptcy Code.  The Buyer is entitled to all of the protections afforded by § 363(m) of the Bankruptcy Code.

10.    The Buyer has not colluded or entered into any agreements with any other bidders, potential bidders or any other parties interested in the Assets and there was no agreement among potential bidders that controlled the price paid for the Assets; therefore, neither the Debtor nor any successor in interest to the Debtor's estate shall be entitled to bring an action against the Buyer, and the Sale may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

11.    No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.  Except for Parkman Whaling, LLC, no obligation or liability, contingent or otherwise, for brokerage or finders' fees or agents' commissions or other similar payment is due to any person in connection with the Purchase Agreement, the other transaction documents or the transactions contemplated hereby or thereby for which the Buyer is or will become liable.

12.    The consideration provided by the Buyer for the Assets under the Purchase Agreement shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided, or costs or damages imposed or awarded, under § 363(n) or any other provision of the Bankruptcy Code, the Uniform Voidable Transfer Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act or any other similar federal or state laws.

13.    5. Obligations of the Debtor relating to Taxes, whether arising under Law, by the Purchase Agreement, or otherwise, shall be fulfilled by the party responsible for such obligations under the Purchase Agreement.

14.    6. Upon Closing, $_____ of the Sale Proceeds from the Sale shall be transferred by the Buyer directly paid to the DIP Agent in an amount to indefeasibly pay in full and completely satisfy the DIP Obligations in accordance with the Final CC Order." (as defined

in the motion seeking approval of the DIP at ECF No. 105).  To the extent the DIP Agent incurs any fees or expenses that are not paid at Closing, and that would otherwise be payable pursuant to the Final DIP Order, the DIP Agent shall submit a final invoice pursuant to the procedures set forth in the Final DIP Order for payment of the DIP Agent's fees and expenses.

15.    ~~7.~~The provisions of this Order are non-severable and mutually dependent.

16.    ~~8. Except with respect to Assumed Liabilities and Permitted Encumbrances, the Buyer will not have any successor or transferee liability for liabilities of the Debtor or any Affiliate of the Debtor (whether under Law or otherwise) as a result of the sale of the Assets.~~Upon the Closing, except with respect to Assumed Liabilities and Permitted Encumbrances, the Buyer shall not and shall not be deemed to: (i) be the successor of or successor employer to the Debtor (under COBRA, any applicable regulations thereunder, or any other applicable law), and shall instead be, and deemed to be, a new employer with respect to any and all federal or state unemployment laws, including any unemployment compensation or tax laws, or any other similar federal or state laws; (ii) have, de facto or otherwise, merged or consolidated with or into the Debtor; (iii) be a mere continuation or substantial continuation of the Debtor or the enterprise(s) of the Debtor; or (iv) be liable for any acts or omissions of Debtor in the conduct of the Debtor's business or arising under or related to the Assets other than as set forth in the Purchase Agreement.  Without limiting the generality of the foregoing, and except as otherwise provided in the Purchase Agreement and in this Order, the parties intend and the Court hereby orders that the Buyer shall not be liable for any liability (other than Assumed Liabilities) against the Debtor, or any of its predecessors or Affiliates, and the Buyer shall have no successor or vicarious liability of any kind or character whether known or unknown as of the Closing Date, whether now existing or hereafter arising, or whether fixed or contingent, with respect to the

Debtor's business, the Assets or any liabilities of, or Claims against, the Debtor arising prior to the Closing Date.

17.     This Order is and shall be: (a) effective as a determination that, other than Assumed Liabilities and Permitted Encumbrances, all Claims, Liens, interests and encumbrances of any kind or nature whatsoever existing as to the Assets prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; and (b) binding upon and shall authorize all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets conveyed to the Buyer.

18.     If any person or entity which has filed statements or other documents or agreements evidencing Liens, interests or encumbrances on, or Claims in, the Assets shall not have delivered to the Debtor before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Liens and easements, and any other documents necessary for the purpose of documenting the release of all Claims, Liens, interests or encumbrances which the person or entity has or may assert with respect to the Assets, the Debtor and the Buyer are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets.  Notwithstanding the foregoing, a certified copy of this Order may be filed with the appropriate clerk or recorded with the recorder of any state, county, or local authority

and that shall be sufficient to cancel or extinguish any of the Liens and Claims of record except the Assumed Liabilities and Permitted Encumbrances.

19.    9. Except with respect to Assumed Liabilities and Permitted Encumbrances, all other Liens or other interests in or on the Assets attach to the net cash proceeds of the Sale ultimately attributable to the Assets against or in which such Liens or other interests are asserted, subject to the terms of such Liens or other interests, with the same validity, enforceability, priority, and force and effect as they had against the Assets or their proceeds as of the Voluntary Petition Date, subject to any rights, claimsClaims and defenses the Debtor or any other parties in interest may possess with respect thereto.

10.    Except for Parkman Whaling, LLC, no broker or party has a claim to any commission, broker's fee, finder's fee, or similar fee as a result of having negotiated the Purchase Agreement for, or on behalf of, the Debtor or the Buyer.

11.    A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens and Claims of record except the Assumed Liabilities and Permitted Encumbrances.

20.    12. The Debtor is hereby authorized and directed to take any and all actions necessary to consummate the transactions contemplated by the Purchase Agreement (including any ancillary documents) and this Order.

21.    13. The terms of this Order shall be binding on and inure to the benefit of the Debtor, the Buyer, all creditors and all other parties- in- interest, and any successors of such parties including, but not limited to, any trustee or examiner with expanded powers appointed in this Chapter 11 Case or upon the conversion of this Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code.

25

14.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry and not subject to any stay, notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 6006(d) or otherwise.

22.    15. Pursuant to §§§ 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing, the Debtor's assumption and assignment to the Buyer, and the Buyer's assumption on the terms set forth in the Purchase Agreement, of the Assumed and Assigned Contracts is hereby approved, and the requirements of §§§ 365(b)(1) and 365(f) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

23.    16. The Debtor is hereby authorized and directed in accordance with §§ 105(a), 363, and 365 of the Bankruptcy Code to (a) assume and assign to the Buyer, effective upon the Closing Date, the Assumed and Assigned Contracts, and (b) execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer the Assumed and Assigned Contracts.  The Debtor (in consultation with the Agent and the Buyer) may choose to exclude any of the contracts or leases from the list of the Assumed and Assigned Contracts contained on Exhibit B hereto prior to the Closing Date, in which case such contracts and/or leases shall not constitute Assumed and Assigned Contracts and shall not be assumed by the Debtor.

24.    17. The Assumed and Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding any provision in any such contract that prohibits, restricts, or conditions such assignment or transfer pursuant to § 365(kf) of the Bankruptcy Code.  There shall be no

accelerations, assignment fees, increases or any other fees charged to the Buyer or the Debtor as a result of the assumption and assignment of the Assumed and Assigned Contracts.

25.    18. Upon the Closing, the Buyer shall pay the Cure Amounts for the Assumed and Assigned Contacts, and upon making such payment all defaults or other obligations of the Debtor under the Assumed and Assigned Contracts arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in § 365(b)(2) of the Bankruptcy Code), whether monetary or non-monetary, shall be deemed cured pursuant to § 365 of the Bankruptcy Code.

26.    All counterparties to the Assumed and Assigned Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Buyer, and shall not charge the Debtor or the Buyer for any instruments, applications, consents or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale.

27.    Each and every federal, state and governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary to consummate the Sale contemplated by the Purchase Agreement.

28.    Nothing in this Order or the Purchase Agreement releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order.  Nothing in this Order or the Purchase Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law; provided that to the

extent provided by section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license, or similar grant relating to the operation of the Assets on account of the filing or pendency of these chapter 11 cases or, to the extent provided by section 525 of the Bankruptcy Code, the consummation of the Transactions contemplated by the Purchase Agreement, including, without limitation, the Sale and the Debtor's assumption and assignment of the Assigned Contracts, including assigned leases, to the Buyer.  As and to the extent that the Bankruptcy Court is found to lack or elects not to maintain exclusive jurisdiction over matters arising under this Order or the Purchase Agreement, nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

29. 19. To the extent that this Order is inconsistent with the Purchase Agreement or any prior order or pleading with respect to the Motion in this Chapter 11 Case, the terms of this Order shall govern.

30. 20. All amounts to be paid to Buyer pursuant to this Agreement constitute administrative expenses under §§ 503(b) and 507(a)(2) of the Bankruptcy Code, and are immediately payable, if and when the obligations of Seller arise under this Agreement, without any further order of the Bankruptcy Court. First National Bank is asserting that it has a first lien on the net proceeds of the sale, which issue is reserved for further order of the Court.

31. Except as agreed by the parties to the Purchase Agreement in writing, this Order shall not be modified by any chapter 11 plan of the Debtor confirmed in this Chapter 11 Case.

32. This Order and the Purchase Agreement shall be binding in all respects upon all creditors and interest holders of the Debtor, all non-debtor parties to the Assumed and Assigned Contracts, all successors and assigns of the Debtor and its affiliates and subsidiaries, and any

trustees, examiners, "responsible persons" or other fiduciaries appointed in the Chapter 11 Case or upon a conversion of the Debtor's case under chapter 7 of the Bankruptcy Code, including a chapter 7 trustee, and the Purchase Agreement shall not be subject to rejection or avoidance under any circumstances.  If any order under § 1112 of the Bankruptcy Code is entered, such order shall provide (in accordance with §§ 105 and 349 of the Bankruptcy Code) that this Order and the rights granted to the Buyer hereunder shall remain effective and, notwithstanding such dismissal, shall remain binding on the Debtor, all of its creditors and parties in interest.

33.    The failure specifically to include or make reference to any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement is authorized and approved in its entirety.

34.    Neither the Buyer nor the Debtor shall have an obligation to close the Sale until all conditions precedent in the Purchase Agreement to close the Sale have been met, satisfied, or waived in accordance with the terms of the Purchase Agreement.

35.    21.  The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order, the Purchase Agreement, all amendments thereto, and any waivers and consents thereunder, and each ancillary document executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining  jurisdiction to (a) compel delivery of the Assets to the Buyer, (b) interpret, implement, and enforce the provisions of this Order, (c) protect the Buyer against any Liens, liens, Claims, or Claim interests in or against the Debtor or the Assets of any kind or nature whatsoever, and (d) enter any orders under §§ 105,

363 or 365 of the Bankruptcy Code with respect to the Assumed and Assigned Contracts; provided, however, that in the event the Court abstains from exercising or declines to exercise jurisdiction or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

36.     This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding any provision in the Bankruptcy Rules to the contrary, including but not limited to Bankruptcy Rule 6004(h) and 6006(d), the Court expressly finds there is no reason for delay in the implementation of this Order and, accordingly: (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtor is not subject to any stay of this Order or in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

Dated: Houston, Texas

_____, 2017

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

Purchase Agreement

## **<u>EXHIBIT B</u>**

Assumed and Assigned Contracts