




# UNITED STATES DEPARTMENT OF THE INTERIOR
## MINERALS MANAGEMENT SERVICE
### GULF OF MEXICO OCS REGION
IMPERIAL OFFICE BLDG., 3301 N. CAUSEWAY BLVD.
P. O. BOX 7944
METAIRIE, LOUISIANA 70010

| OCS-G 5392 | Offering Date | Map Area and Block Number |
|---|---|---|
| | 5/25/83 | ECS - 317 |
| ACTION | Rental $ 15,000 | Balance of Bonus $2,009,624.00 |

Name

MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC.    Sohio Petroleum Company
1250 Poydras Building
New Orleans, Louisiana 70113

## LEASE FORMS TRANSMITTED FOR EXECUTION

Pursuant to Section 8 of the Outer Continental Shelf Lands Act (67 Stat. 462; 43 U.S.C. 1337) as amended (92 Stat. 629), and the regulations pertaining thereto (30 CFR 256), your bid for the above block is accepted.

Your qualifications have been examined and are satisfactory. Accordingly, in order to perfect your rights here-under, the following action *must* be taken:

[X]   1.   Execute and return the three copies of attached lease. *(If lease is executed by an agent, evidence must be furnished of agent's authorization.)*

[X]   2.   Pay the balance of bonus and the first year's rental indicated above in accord-ance with the following:

   a.   If payment is to be made with a Federal Reserve Check, payment must be made not later than the 15th day after receipt of this action (30 CFR 256.13(a)(1)). That day is **JUN 2 0 1983**

   b.   If payment is to be made with a Commercial Check, payment must be made not later than the 14th day after receipt of this action (30 CFR 256.13 (a)(2)). That day is **JUN 1 7 1983**

[ ]   3.   Comply with bonding requirements according to 30 CFR 256, Subpart I.

[ ]   4.   Comply with the affirmative action compliance program requirements of 41 CFR section 60–1.40 within 120 days of the effective date of the lease.

Compliance with requirements 1, 2, and 3 above must be made not later than the 14th or 15th day, whichever is applicable as shown in 2 above, after receipt of this action. Failure to comply will result in forfeiture of the 1/5 bonus deposit and your rights to acquire the lease.

IMPORTANT:   *The lease form requires the attachment of the CORPORATE SEAL to all leases executed by corporations.*

(Orig. Sgd.) John L. Rankin
_____
Acting Regional Manager

Date   **JUN 3  1983**

Attachments

EXHIBIT A

Active-Lease
BOEM File Name: 58787.pdf,  Page 1 of 29
File Stamp courtesy of OCSBBS.COM

Form MMS-2005
(August 1982)
(formerly Form 3300-1)

| Office | Serial number |
|---|---|
| **Metairie, LA** | **OCS-G 5392** |

| Cash bonus | Rental rate per acre, hectare or fraction thereof |
|---|---|
| **$2,512,030.00** | **$3.00 per acre** |

| Minimum royalty rate per acre, hectare or fraction thereof **$3.00 per acre** | Royalty rate **16 2/3 percent** |
|---|---|

| Work commitment | Profit share rate |
|---|---|

## UNITED STATES
## DEPARTMENT OF THE INTERIOR
## MINERALS MANAGEMENT SERVICE

### OIL AND GAS LEASE OF SUBMERGED LANDS
### UNDER THE OUTER CONTINENTAL SHELF LANDS ACT

*This form does not constitute an information collection as defined by 44 U.S.C. 3502 and therefore does not require approval by the Office of Management and Budget.*

This lease is effective as of **JUL 1 1983** (hereinafter called the "Effective Date") and shall continue for an initial period of **five** years (hereinafter called the "Initial Period") by and between the United States of America (hereinafter called the "Lessor"), by the **Regional Manager, Gulf of Mexico OCS Region,** Minerals Management Service, its authorized officer, and

**MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC.**          50%

**Sohio Petroleum Company**          50%

RECEIVED
JUN 14 3 33 PM '83
MINERALS MANAGEMENT SERVICE
GULF OF MEXICO OCS REGION
METAIRIE, LOUISIANA

(hereinafter called the "Lessee"). In consideration of any cash payment heretofore made by the Lessee to the Lessor and in consideration of the promises, terms, conditions, and covenants contained herein, including the Stipulation(s) numbered          1 attached hereto, the Lessee and Lessor agree as follows:

**Sec. 1. Statutes and Regulations.** This lease is issued pursuant to the Outer Continental Shelf Lands Act of August 7, 1953, 67 Stat. 462; 43 U. S. C. 1331 et seq., as amended (92 Stat. 629), (hereinafter called the "Act"). The lease is issued subject to the Act; all regulations issued pursuant to the statute and in existence upon the Effective Date of this lease; all regulations issued pursuant to the statute in the future which provide for the prevention of waste and the conservation of the natural resources of the Outer Continental Shelf, and the protection of correlative rights therein; and all other applicable statutes and regulations.

**Sec. 2. Rights of Lessee.** The Lessor hereby grants and leases to the Lessee the exclusive right and privilege to drill for, develop, and produce oil and gas resources, except helium gas, in the submerged lands of the Outer Continental Shelf containing approximately **5000** acres or          hectares (hereinafter referred to as the "leased area"), described as follows:

**All of Block 317, East Cameron Area, South Addition, OCS Leasing Map, Louisiana Map No. 2A.**

Active-Lease
BOEM File Name: 58787.pdf,   Page 2 of 29
File Stamp courtesy of OCSBBS.COM

_____
(Lessee)

_____
(Signature of Authorized Officer)

_____
(Name of Signatory)

_____
(Title)

_____
(Date)

_____
(Address of Lessee)

_____
(Lessee)

_____
(Signature of Authorized Officer)

_____
(Name of Signatory)

_____
(Title)

_____
(Date)

_____
(Address of Lessee)

_____
(Lessee)

_____
(Signature of Authorized Officer)

_____
(Name of Signatory)

_____
(Title)

_____
(Date)

_____
(Address of Lessee)

_____
(Lessee)

_____
(Signature of Authorized Officer)

_____
(Name of Signatory)

_____
(Title)

_____
(Date)

_____
(Address of Lessee)

*If this lease is executed by a corporation, it must bear the corporate seal.*

U. S. GOVERNMENT PRINTING OFFICE : 1983 O - 394-044

Page 6
Active-Lease
BOEM File Name: 58787.pdf,   Page 3 of 29
File Stamp courtesy of OCSBBS.COM

**Sec. 21.** Surrender of Lease. The Lessee may surrender this entire lease or any officially designated subdivision of the leased area by filing with the appropriate field office of the Minerals Management Service a written relinquishment, in triplicate, which shall be effective as of the date of filing. No surrender of this lease or of any portion of the leased area shall relieve the Lessee or its surety of the obligation to pay all accrued rentals, royalties, and other financial obligations or to abandon all wells on the area to be surrendered in a manner satisfactory to the Director.

**Sec. 22.** Removal of Property on Termination of Lease. Within a period of one year after termination of this lease or any part, the Lessee shall remove all devices, works, and structures from the premises no longer subject to the lease in accordance with applicable regulations and orders of the Director. However, the Lessee may, with the approval of the Director, continue to maintain devices, works, and structures on the leased area for drilling or producing on other leases.

**Sec. 23.** Remedies in Case of Default. (a) Whenever the Lessee fails to comply with any of the provisions of the Act, the regulations issued pursuant to the Act, or the terms of this lease, the lease shall be subject to cancellation in accordance with the provisions of Section 5(c) and (d) of the Act and the Lessor may exercise any other remedies which the Lessor may have, including the penalty provisions of Section 24 of the Act. Furthermore, pursuant to Section 8(o) of the Act, the Lessor may cancel the lease if it is obtained by fraud or misrepresentation.

(b) Nonenforcement by the Lessor of a remedy for any particular violation of the provisions of the Act, the regulations issued pursuant to the Act, or the terms of this lease shall not prevent the cancellation of this lease or the exercise of any other remedies under paragraph (a) of this section for any other violation or for the same violation occurring at any other time.

**Sec. 24.** Unlawful Interest. No member of, or Delegate to, Congress, or Resident Commissioner, after election or appointment, or either before or after they have qualified, and during their continuance in office, and no officer, agent, or employee of the Department of the Interior, except as provided in 43 CFR Part 7, shall be admitted to any share or part in this lease or derive any benefit that may arise therefrom. The provisions of Section 3741 of the Revised Statutes, as amended, 41 U.S.C. 22, and the Act of June 25, 1948, 62 Stat. 702, as amended, 18 U.S.C. 431–433, relating to contracts made or entered into, or accepted by or on behalf of the United States, form a part of this lease insofar as they may be applicable.

MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC.

THE UNITED STATES OF AMERICA, Lessor

_____
(Lessee)

_____
(Signature of Authorized Officer)

R. L. Draper
_____
(Name of Signatory)

Attorney-In-Fact
_____
(Title)

June 13, 1983
_____
(Date)

_____
(Signature of Authorized Officer)

John L. Rankin

_____
(Name of Signatory)

Acting Regional Manager
Gulf of Mexico OCS Region
Minerals Management Service
_____
(Title)

JUN 17 1983
_____
(Date)

1250 Poydras Building
New Orleans, LA 70113
_____
(Address of Lessee)

Active Lease
BOEM File Name: 58787.pdf,   Page 4 of 29
File Stamp courtesy of OCSBBS.COM



**Sec. 12. Safety Requirements.** The Lessee shall (a) maintain all places of employment within the leased area in compliance with occupational safety and health standards and, in addition, free from recognized hazards to employees of the Lessee or of any contractor or subcontractor operating within the leased area;

(b) maintain all operations within the leased area in compliance with regulations intended to protect persons, property, and the environment on the Outer Continental Shelf; and

(c) allow prompt access, at the site of any operation subject to safety regulations, to any authorized Federal inspector and shall provide any documents and records which are pertinent to occupational or public health, safety, or environmental protection as may be requested.

**Sec. 13. Suspension and Cancellation.** (a) The Lessor may suspend or cancel this lease pursuant to Section 5 of the Act and compensation shall be paid when provided by the Act.

(b) The Lessor may, upon recommendation of the Secretary of Defense, during a state of war or national emergency declared by Congress or the President of the United States, suspend operations under the lease, as provided in Section 12(c) of the Act, and just compensation shall be paid to the Lessee for such suspension.

**Sec. 14. Indemnification.** The Lessee shall indemnify the Lessor for, and hold it harmless from, any claim, including claims for loss or damage to property or injury to persons caused by or resulting from any operation on the leased area conducted by or on behalf of the Lessee. However, the Lessee shall not be held responsible to the Lessor under this section for any loss, damage, or injury caused by or resulting from:

(a) negligence of the Lessor other than the commission or omission of a discretionary function or duty on the part of a Federal agency whether or not the discretion involved is abused; or

(b) the Lessee's compliance with an order or directive of the Lessor against which an administrative appeal by the Lessee is filed before the cause of action for the claim arises and is pursued diligently thereafter.

**Sec. 15. Disposition of Production.** (a) As provided in Section 27(a)(2) of the Act, the Lessor shall have the right to purchase not more than 16-2/3 percent by volume of the oil and gas produced pursuant to the lease at the regulated price, or if no regulated price applies, at the fair market value at the wellhead of the oil and gas saved, removed, or sold, except that any oil or gas obtained by the Lessor as royalty or net profit share shall be credited against the amount that may be purchased under this subsection.

(b) As provided in Section 27(d) of the Act, the Lessee shall take any Federal oil or gas for which no acceptable bids are received, as determined by the Lessor, and which is not transferred to a Federal agency pursuant to Section 27(a)(3) of the Act, and shall pay to the Lessor a cash amount equal to the regulated price, or if no regulated price applies, the fair market value of the oil or gas so obtained.

(c) As provided in Section 8(b)(7) of the Act, the Lessee shall offer 20 percent of the crude oil, condensate, and natural gas liquids produced on the lease, at the market value and point of delivery as provided by regulations applicable to Federal royalty oil, to small or independent refiners as defined in the Emergency Petroleum Allocation Act of 1973.

(d) In time of war, or when the President of the United States shall so prescribe, the Lessor shall have the right of first refusal to purchase at the market price all or any portion of the oil or gas produced from the leased area, as provided in Section 12(b) of the Act.

**Sec. 16. Unitization, Pooling, and Drilling Agreements.** Within such time as the Lessor may prescribe, the Lessee shall subscribe to and operate under a unit, pooling, or drilling agreement embracing all or part of the lands subject to this lease as the Lessor may determine to be appropriate or necessary. Where any provision of a unit, pooling, or drilling agreement, approved by the Lessor, is inconsistent with a provision of this lease, the provision of the agreement shall govern.

**Sec. 17. Equal Opportunity Clause.** During the performance of this lease, the Lessee shall fully comply with paragraphs (1) through (7) of Section 202 of Executive Order 11246, as amended (reprinted in 41 CFR 60 – 1.4(a)), and the implementing regulations, which are for the purpose of preventing employment discrimination against persons on the basis of race, color, religion, sex, or national origin. Paragraphs (1) through (7) of Section 202 of Executive Order 11246, as amended, are incorporated in this lease by reference.

**Sec. 18. Certification of Nonsegregated Facilities.** By entering into this lease, the Lessee certifies, as specified in 41 CFR 60 – 1.8, that it does not and will not maintain or provide for its employees any segregated facilities at any of its establishments, and that it does not and will not permit its employees to perform their services at any location under its control where segregated facilities are maintained. As used in this certification, the term "segregated facilities" means, but is not limited to, any waiting rooms, work areas, restrooms and washrooms, restaurants and other eating areas, timeclocks, locker rooms and other storage or dressing areas, parking lots, drinking fountains, recreation or entertainment areas, transportation, and housing facilities provided for employees which are segregated by explicit directive or are in fact segregated on the basis of race, color, religion, or national origin, because of habit, local custom, or otherwise. The Lessee further agrees that it will obtain identical certifications from proposed contractors and subcontractors prior to award of contracts or subcontracts unless they are exempt under 41 CFR 60 – 1.5.

**Sec. 19. Reservations to Lessor.** All rights in the leased area not expressly granted to the Lessee by the Act, the regulations, or this lease are hereby reserved to the Lessor. Without limiting the generality of the foregoing, reserved rights include:

(a) the right to authorize geological and geophysical exploration in the leased area which does not unreasonably interfere with or endanger actual operations under the lease, and the right to grant such easements or rights-of-way upon, through, or in the leased area as may be necessary or appropriate to the working of other lands or to the treatment and shipment of products thereof by or under authority of the Lessor;

(b) the right to grant leases for any minerals other than oil and gas within the leased area, except that operations under such leases shall not unreasonably interfere with or endanger operations under this lease;

(c) the right, as provided in Section 12(d) of the Act, to restrict operations in the leased area or any part thereof which may be designated by the Secretary of Defense, with approval of the President, as being within an area needed for national defense, and so long as such designation remains in effect no operations may be conducted on the surface of the leased area or the part thereof included within the designation except with the concurrence of the Secretary of Defense. If operations or production under this lease within any designated area are suspended pursuant to this paragraph, any payments of rentals and royalty prescribed by this lease likewise shall be suspended during such period of suspension of operations and production, and the term of this lease shall be extended by adding thereto any such suspension period, and the Lessor shall be liable to the Lessee for such compensation as is required to be paid under the Constitution of the United States.

**Sec. 20. Transfer of Lease.** The Lessee shall file for approval with the appropriate field office of the Minerals Management Service any instrument of assignment or other transfer of this lease, or any interest therein, in accordance with applicable regulations.

(Continued on reverse)

Active Lease
BOEM File Name: 58787.pdf,    Page 5 of 29
File Stamp courtesy of OCSBBS.COM

These rights include:

(a) the nonexclusive right to conduct within the leased area geological and geophysical explorations in accordance with applicable regulations;

(b) the nonexclusive right to drill water wells within the leased area, unless the water is part of geopressured-geothermal and associated resources, and to use the water produced therefrom for operations pursuant to the Act free of cost, on the condition that the drilling is conducted in accordance with procedures approved by the Director of the Minerals Management Service or the Director's delegate (hereinafter called the "Director"); and

(c) the right to construct or erect and to maintain within the leased area artificial islands, installations, and other devices permanently or temporarily attached to the seabed and other works and structures necessary to the full enjoyment of the lease, subject to compliance with applicable laws and regulations.

**Sec. 3.  Term.**  This lease shall continue from the Effective Date of the lease for the Initial Period and so long thereafter as oil or gas is produced from the leased area in paying quantities, or drilling or well reworking operations, as approved by the Lessor, are conducted thereon.

**Sec. 4.  Rentals.**  The Lessee shall pay the Lessor, on or before the first day of each lease year which commences prior to a discovery in paying quantities of oil or gas on the leased area, a rental as shown on the face hereof.

**Sec. 5.  Minimum Royalty.**  The Lessee shall pay the Lessor at the expiration of each lease year which commences after a discovery of oil and gas in paying quantities, a minimum royalty as shown on the face hereof or, if there is production, the difference between the actual royalty required to be paid with respect to such lease year and the prescribed minimum royalty, if the actual royalty paid is less than the minimum royalty.

**Sec. 6.  Royalty on Production.**  (a) The Lessee shall pay a fixed royalty as shown on the face hereof in amount or value of production saved, removed, or sold from the leased area. Gas of all kinds (except helium) is subject to royalty. The Lessor shall determine whether production royalty shall be paid in amount or value.

(b) The value of production for purposes of computing royalty on production from this lease shall never be less than the fair market value of the production. The value of production shall be the estimated reasonable value of the production as determined by the Lessor, due consideration being given to the highest price paid for a part or for a majority of production of like quality in the same field or area, to the price received by the Lessee, to posted prices, to regulated prices, and to other relevant matters. Except when the Lessor, in its discretion, determines not to consider special pricing relief from otherwise applicable Federal regulatory requirements, the value of production for the purposes of computing royalty shall not be deemed to be less than the gross proceeds accruing to the Lessee from the sale thereof. In the absence of good reason to the contrary, value computed on the basis of the highest price paid or offered at the time of production in a fair and

open market for the major portion of like-quality products produced and sold from the field or area where the leased area is situated, will be considered to be a reasonable value.

(c) When paid in value, royalties on production shall be due and payable monthly on the last day of the month next following the month in which the production is obtained, unless the Lessor designates a later time. When paid in amount, such royalties shall be delivered at pipeline connections or in tanks provided by the Lessee. Such deliveries shall be made at reasonable times and intervals and, at the Lessor's option, shall be effected either (i) on or immediately adjacent to the leased area, without cost to the Lessor, or (ii) at a more convenient point closer to shore or on shore, in which event the Lessee shall be entitled to reimbursement for the reasonable cost of transporting the royalty substance to such delivery point. The Lessee shall not be required to provide storage for royalty paid in amount in excess of tankage required when royalty is paid in value. When royalties are paid in amount, the Lessee shall not be held liable for the loss or destruction of royalty oil or other liquid products in storage from causes over which the Lessee has no control.

**Sec. 7.  Payments.**  The Lessee shall make all payments to the Lessor by check, bank draft, or money order unless otherwise provided by regulations or by direction of the Lessor. Rentals, royalties, and any other payments required by this lease shall be made payable to the Minerals Management Service and tendered to the Director.

**Sec. 8.  Bonds.**  The Lessee shall maintain at all times the bond(s) required by regulation prior to the issuance of the lease and shall furnish such additional security as may be required by the Lessor if, after operations have begun, the Lessor deems such additional security to be necessary.

**Sec. 9.  Plans.**  The Lessee shall conduct all operations on the leased area in accordance with approved exploration plans, and approved development and production plans as are required by regulations. The Lessee may depart from an approved plan only as provided by applicable regulations.

**Sec. 10.  Performance.**  The Lessee shall comply with all regulations and orders relating to exploration, development, and production. After due notice in writing, the Lessee shall drill such wells and produce at such rates as the Lessor may require in order that the leased area or any part thereof may be properly and timely developed and produced in accordance with sound operating principles.

**Sec. 11.  Directional Drilling.**  A directional well drilled under the leased area from a surface location on nearby land not covered by this lease shall be deemed to have the same effect for all purposes of the lease as a well drilled from a surface location on the leased area. In those circumstances, drilling shall be considered to have been commenced on the leased area when drilling is commenced on the nearby land for the purpose of directionally drilling under the leased area, and production of oil or gas from the leased area through any directional well surfaced on nearby land or drilling or reworking of any such directional well shall be considered production or drilling or reworking operations on the leased area for all purposes of the lease. Nothing contained in this Section shall be construed as granting to the Lessee any interest, license, easement, or other right in any nearby land.

Active Lease
BOEM File Name: 58787.pdf,   Page 6 of 29
File Stamp courtesy of OCSBBS.COM

Sohio Petroleum Company
_____
(Lessee)

_____
(Signature of Authorized Officer)

E. R. Erwin, III
_____
(Name of Signatory)

Agent and Attorney-in-Fact
_____
(Title)

June 9, 1983
_____
(Date)


8303 Southwest Freeway, Suite 600
Houston, TX 77074
_____
(Address of Lessee)

_____
(Lessee)

_____
(Lessee)

_____
(Signature of Authorized Officer)

_____
(Signature of Authorized Officer)

_____
(Name of Signatory)

_____
(Name of Signatory)

_____
(Title)

_____
(Title)

_____
(Date)

_____
(Date)

_____
(Address of Lessee)

_____
(Address of Lessee)

_____
(Address of Lessee)

Page 5

Active-Lease
BOEM File Name: 58787.pdf,   Page 7 of 29
File Stamp courtesy of OCSBBS.COM

UNITED STATES
DEPARTMENT OF THE INTERIOR
MINERALS MANAGEMENT SERVICE

Outer Continental Shelf, Central Gulf of Mexico
Oil and Gas Lease Offering (May 1983)

STIPULATION NO. 1 · CULTURAL RESOURCE     OCS-G  **5392**

If the Regional Manager (RM) has reason to believe that a site, structure, or object of historical or archaeological significance, hereinafter referred to as "cultural resource," may exist in the leased area and gives the lessee written notice that the lessor is enforcing the provisions of this stipulation, the lessee shall, upon receipt of such notice, comply with the following requirements:

(1) Prior to any drilling activity or the construction or placement of any structure for exploration or development on the lease, including but not limited to, well drilling and pipeline and platform placement, hereinafter in this stipulation referred to as "operation," the lessee shall conduct remote sensing surveys and/or prepare a report, as specified by the RM, to determine the potential existence of any cultural resource that may be affected by such operation. All data produced, as well as other pertinent natural and cultural environmental data, shall be examined by an archaeologist and geophysicist to determine if indicators are present suggesting the existence of a cultural resource that may be adversely affected by any lease operation. A report of such surveys and assessments prepared by an archaeologist and geophysicist shall be submitted by the lessee to the RM.

(2) If such cultural resource indicators are present, the lessee shall: (a) locate the site of the lease operation so as not to affect adversely the identified location; or (b) establish to the satisfaction of the RM, on the basis of further archaeological investigation conducted by an archaeologist and geophysicist using such survey equipment and techniques as deemed necessary by the RM, either that such operation will not adversely affect the location identified or that the potential cultural resource suggested by the occurrence of the indicators does not exist.

(3) A report of the latter investigation prepared by the archaeologist and geophysicist shall be submitted to the RM for review. Should the RM determine that the existence of a cultural resource which may be adversely affected by such operation is sufficiently established to warrant protection, the lessee shall take no action that may result in an adverse effect on such cultural resource until the RM has given direction as to its protection.

In addition, the lessee agrees that if any cultural resource should be discovered during the conduct of any operation on the leased area, he shall report immediately such findings to the RM and make every reasonable effort to protect the cultural resource until the RM gives directions as to its protection.

Active-Lease
BOEM File Name: 58787.pdf,  Page 8 of 29
File Stamp courtesy of OCSBBS.COM



# UNITED STATES DEPARTMENT OF THE INTERIOR

## MINERALS MANAGEMENT SERVICE

### GULF OF MEXICO REGION, LEASING ADJUDICATION

RECEIPT FOR 8 ASSIGNMENTS OF OPERATING RIGHTS

```
DelMar Operating, Inc.
1100 Louisiana
Suite 900
Houston, TX 77002
```

**DATE:**   December 16, 1994

**FILING FEE EARNED:**      $200.00

| OCS-G | AREA | BLOCK |
|-------|------|-------|
| 2306 | SM | 261 |
| 2306 | SM | 261 |
| 2306 | SM | 261 |
| 5206 | SS | 356 |
| 5392 | EC | 317 |
| 5393 | EC | 318 |
| 5516 | EI | 324 |
| 5803 | EW | 903 |

Active-Lease
BOEM File Name: 58787.pdf,  Page 9 of 29
File Stamp courtesy of OCSBBS.COM



# UNITED STATES DEPARTMENT OF THE INTERIOR

## MINERALS MANAGEMENT SERVICE

### GULF OF MEXICO REGION, LEASING ADJUDICATION

NON-REQUIRED DOCUMENT
Filing Fee Receipt

Page 1
Thursday 29 September 1994

Schully, Roberts & Slattery
Energy Centre
1100 Poydras, Ste. 1800
New Orleans, LA  70163

**Receipt Total:**     $500.00

**Document Type:** Mortgage, Deed of Trust, Security Agreement

  **Subject:** Collateral Mortgage of Mineral Interests

| OCS Filing Number | Leases Affected | Document Filing Fee | Lease Number |
|---|---|---|---|
| 00436 | 20 | $500.00 | 00436 |
| | | | 00437 |
| | | | G00988 |
| | | | G01891 |
| | | | G02009 |
| | | | G02320 |
| | | | G02321 |
| | | | G02845 |
| | | | G02846 |
| | | | G04252 |
| | | | G04405 |
| | | | G04407 |
| | | | G04436 |
| | | | G04750 |
| | | | G05206 |
| | | | G05392 |
| | | | G05393 |
| | | | G05499 |
| | | | G05516 |
| | | | G05803 |

Active-Lease
BOEM File Name: 58787.pdf,   Page 10 of 29
File Stamp courtesy of OCSBBS.COM

# UNITED STATES DEPARTMENT OF THE INTERIOR

## MINERALS MANAGEMENT SERVICE

### GULF OF MEXICO REGION, LEASING ADJUDICATION

**RECEIPT FOR 5 ASSIGNMENTS OF OPERATING RIGHTS**

DelMar Operating, Inc.
1100 Louisiana
Suite 900
Houston, TX 77002

**DATE:**   November 8, 1993

**FILING FEE EARNED:**      $125.00

| OCS-G | AREA | BLOCK |
|-------|------|-------|
| 5206  | SS   | 356   |
| 5392  | EC   | 317   |
| 5393  | EC   | 318   |
| 5516  | EI   | 324   |
| 5803  | EW   | 903   |

Active-Lease
BOEM File Name: 58787.pdf,  Page 11 of 29
File Stamp courtesy of OCSBBS.COM

# UNITED STATES DEPARTMENT OF THE INTERIOR

## MINERALS MANAGEMENT SERVICE

## GULF OF MEXICO REGION, LEASING ADJUDICATION

### RECEIPT FOR 3 ASSIGNMENTS OF OPERATING RIGHTS

DelMar Operating, Inc.
1100 Louisiana
Suite 900
Houston, TX 77002


DATE:   October 25, 1993

FILING FEE EARNED:        $75.00


| OCS-G | AREA | BLOCK |
|-------|------|-------|
| 2321  | EI   | 348   |
| 5392  | EC   | 317   |
| 5516  | EI   | 324   |

Active-Lease
BOEM File Name: 58787.pdf,  Page 12 of 29
File Stamp courtesy of OCSBBS.COM

UNITED STATES

DEPARTMENT OF THE INTERIOR

MINERALS MANAGEMENT SERVICE

RECEIPT

DATE:  January 7, 1993

SERIAL NUMBER:   Assignments of Operting Rights,
OCS-G 5803, 5206, 2319, 3766, 2223, 2319, 2306, 3523,
4705, 2845, 2846, 4405, 5516, 4407, 5393, 5392

SUBJECT:   Blocks 903, 947, Ewing Bank; Block 356, Ship Shoal Area;
Portions of Block 342, Eugene Island Area; Blocks 510, 531, 509,
95, 426, 427, 518, 523, West Cameron Area; Portion of Block 261,
South Marsh Island Area; Portion of Block 318, East Cameron Area;
Block 317, East Cameron Area

APPLICANT:                                    REMITTER IF DIFFERENT:

Elf Aquitaine Exploration, Inc.
1000 Louisiana, Suite 3800
Houston, Texas  77002

FILING FEE EARNED:                                    $400.00
FUND SYMBOL:
140850

Check No. 112619, dated 12/17/92, Morgan Bank (Delaware), Wilmington, Delaware

Active-Lease
BOEM File Name: 58787.pdf,   Page 13 of 29
File Stamp courtesy of OCSBBS.COM

UNITED STATES

DEPARTMENT OF THE INTERIOR

MINERALS MANAGEMENT SERVICE

RECEIPT

DATE:  November 18, 1992

SERIAL NUMBER:   Assignments of Operating Rights,
                 OCS-G 2306, 2306, 2306, 2845, 2846, 3176, 3176, 5392, 5393

SUBJECT:   Block 261, South Marsh Island Area; Blocks 426, 427, West Cameron
           Area; Block 146, South Timbalier Area; Blocks 317, 318, East Cameron
           Area

APPLICANT:                                      REMITTER IF DIFFERENT:

         DelMar Operating, Inc.
         1000 Louisiana, Suite 4200
         Houston, Texas  77002

FILING FEE EARNED:                              $225.00
FUND SYMBOL:
140850

Check No. 51488, dated 11/5/92, NationsBank of Texas, N.A., Wichita Falls, Texas

Active-Lease
BOEM File Name: 58787.pdf,   Page 14 of 29
File Stamp courtesy of OCSBBS.COM

UNITED STATES

DEPARTMENT OF THE INTERIOR

MINERALS MANAGEMENT SERVICE

RECEIPT


DATE:  July 2, 1992


SERIAL NUMBER:     OCS 0436, 0437, OCS-G 0988, 1891, 2009, 2320, 2321, 2845,
                   2846, 4252, 4405, 4407, 4436, 4750, 5206, 5392, 5393, 5499,
                   5516, 5803


SUBJECT:     Collateral Mortgage of Mineral Interests


APPLICANT:                                 REMITTER IF DIFFERENT:

     Schully & Roberts
     Energy Centre
     1100 Poydras Street, Suite 1800
     New Orleans, Louisiana  70163


FILING FEE EARNED:                              $500.00
FUND SYMBOL:
140850

Check No. 2521, dated 7/1/92, First NBC, First National Bank of Commerce,
New Orleans, Louisiana


Active-Lease
BOEM File Name: 58787.pdf,   Page 15 of 29
File Stamp courtesy of OCSBBS.COM

UNITED STATES

DEPARTMENT OF THE INTERIOR

MINERALS MANAGEMENT SERVICE

RECEIPT


**DATE:**  July 2, 1992


**SERIAL NUMBER:**     OCS 0436, 0437, OCS-G 0988, 1891, 2009, 2320, 2321, 2845, 2846, 4252, 4405, 4407, 4436, 4750, 5206, 5392, 5393, 5499, 5516, 5803


**SUBJECT:**    Financing Statement


**APPLICANT:**                                              **REMITTER IF DIFFERENT:**

        Schully & Roberts
        Energy Centre
        1100 Poydras Street, Suite 1800
        New Orleans, Louisiana  70163


**FILING FEE EARNED:**                                            $500.00
**FUND SYMBOL:**
140850

Check No. 2521, dated 7/1/92, First NBC, First National Bank of Commerce,
New Orleans, Louisiana

Active-Lease
BOEM File Name: 58787.pdf,   Page 16 of 29
File Stamp courtesy of OCSBBS.COM

**UNITED STATES**

**DEPARTMENT OF THE INTERIOR**

**MINERALS MANAGEMENT SERVICE**

April 10, 1992 _____DATE

Assignments of Operating Rights, OCS-G 2223, 2306, 2319, 2319, 2845, 2846, 3523, 3766, ____PARENT SERIAL NUMBER
4405, 4407, 4436, 4705, 5206, 5392, 5516, 5393, 5803

Blocks 426, 427, 518, 523, 531, 510, 509, West Cameron Area; Portion of Block 261, South Marsh Island Area; _____SUBJECT

APPLICANT:                                    REMITTER IF DIFFERENT THAN APPLICANT:

Elf Aquitaine Exploration,
  Inc. (M.M.)
1000 Louisiana, Suite 3800
Houston, Texas  77002

| PURPOSE | FUND SYMBOL | AMOUNT | |
|---|---|---|---|
| FILING FEE EARNED | 140850  (17) | $425 | 00 |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800  (17) | | |
| ONE-FIFTH BONUS | 14X6875  (17) | | |
| FIRST YEAR'S RENTAL | | | |
| FOUR-FIFTHS BONUS | | | |
| | | | |
| TOTAL | | $425 | 00 |

Check No. 07152, dated 11/19/91, Morgan Bank (Delaware), Wilmington, Delaware

Portion of Block 342, Eugene Island Area; Block 234, South Marsh Island Area; Block 95, West Cameron Area; Blocks 903 and 947, Ewing Bank; Block 356, Ship Shoal Area; Blocks 324, 317, East Cameron Area; Portion of Block 318, East Cameron Area

REMARKS _____
_____
_____
_____
_____BY_____DATE _____

## DO NOT ACCEPT THIS COPY AS A RECEIPT

UNEARNED FILE COPY

FORM MMS-362 (SEPT. 1983)

Active-Lease
BOEM File Name: 58787.pdf,  Page 17 of 29
File Stamp courtesy of OCSBBS.COM

**UNITED STATES**

**DEPARTMENT OF THE INTERIOR**

**MINERALS MANAGEMENT SERVICE**

March 25, 1992
**DATE**

Assignments of Operating Rights, OCS-G 4405, 4407, 5206, 5392, 5516, 5803
**PARENT SERIAL NUMBER**

Blocks 518 and 523, West Cameron Area; Block 356, Ship Shoal Area; Block 317, East Cameron Area; Block 324, Eugene Island Area; Block 947, Ewing Bank
**SUBJECT**

**APPLICANT:**    **REMITTER IF DIFFERENT THAN APPLICANT:**

Elf Exploration, Inc.
1000 Louisiana, Suite 3800
Houston, Texas  77002

| PURPOSE | FUND SYMBOL | AMOUNT | |
|---|---|---|---|
| FILING FEE EARNED | 140850  (17) | $150 | 00 |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800  (17) | | |
| ONE-FIFTH BONUS | 14X6875  (17) | | |
| FIRST YEAR'S RENTAL | | | |
| FOUR-FIFTHS BONUS | | | |
| | | | |
| TOTAL | | $150 | 00 |

Check No. 07199, dated 1/9/92, Morgan Bank (Delaware), Wilmington, DE

REMARKS _____

_____

_____

_____BY_____DATE _____

## DO NOT ACCEPT THIS COPY AS A RECEIPT

UNEARNED  FILE  COPY

FORM MMS-362 (SEPT. 1983)

Active-Lease
BOEM File Name: 58787.pdf,   Page 18 of 29
File Stamp courtesy of OCSBBS.COM

**UNITED STATES**

**DEPARTMENT OF THE INTERIOR**

**MINERALS MANAGEMENT SERVICE**

March 24, 1992
**DATE**

Assignments of Operating Rights, OCS-G 5206,
5803, 4405, 5392, 5516
**PARENT SERIAL NUMBER**

Block 356, Ship Shoal Area; Blocks 903/947, Ewing Banks; Block 518,
West Cameron Area, South Addition; Block 317, East Cameron Area,
S.A.; Block 324, Eugene Island Area, S.A.
**SUBJECT**

**APPLICANT:**                                    **REMITTER IF DIFFERENT THAN APPLICANT:**

Elf Exploration, Inc.
1000 Louisiana, Suite 3800
Houston, Texas  77002

| PURPOSE | FUND SYMBOL | AMOUNT | |
|---|---|---|---|
| **FILING FEE EARNED** | 140850   (17) | $125 | 00 |
| **ADVANCE FILING FEE AND/OR RENTAL** | 14X6800   (17) | | |
| **ONE-FIFTH BONUS** | 14X6875   (17) | | |
| **FIRST YEAR'S RENTAL** | | | |
| **FOUR-FIFTHS BONUS** | | | |
| | | | |
| **TOTAL** | | $125 | 00 |

Check No. 106778, dated 2/25/92, Morgan Bank (Delaware), Wilmington, DE

**REMARKS** _____

_____

_____

_____**BY**_____**DATE**_____

**DO NOT ACCEPT THIS COPY AS A RECEIPT**

**UNEARNED FILE COPY**

FORM MMS-362 (SEPT. 1983)
Active-Lease

**UNITED STATES**
**DEPARTMENT OF THE INTERIOR**
**MINERALS MANAGEMENT SERVICE**



November 9, 1990 _____DATE
OCS 0436, 0437, OCS-G 5392, 5516, 5206, 5803, 5393, 5499, 9116,
9440, 4405, 2009, 4407 _____ PARENT SERIAL NUMBER

Overriding Royalty Conveyance _____SUBJECT
APPLICANT:                              REMITTER IF DIFFERENT THAN APPLICANT:

⌐ Brown Maroney & Oaks Hartline ⌐
  1300 Wortham Tower
  2727 Allen Parkway
L Houston, Texas  77019            ⌐

| PURPOSE | FUND SYMBOL | AMOUNT |
|---|---|---|
| FILING FEE EARNED | 140850   (17) | $325 | 00 |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800  (17) | | |
| ONE-FIFTH BONUS | 14X6875  (17) | | |
| FIRST YEAR'S RENTAL | | | |
| FOUR-FIFTHS BONUS | | | |
| | | | |
| TOTAL | | $325 | 00 |

Check No. 2144, dated 11/8/90, American Bank, Houston, Texas

REMARKS _____

_____

_____

_____BY_____DATE _____

## DO NOT ACCEPT THIS COPY AS A RECEIPT

### UNEARNED FILE COPY

FORM MMS-362 (SEPT. 1983)

Active-Lease
BOEM File Name: 58787.pdf,   Page 20 of 29
File Stamp courtesy of OCSBBS.COM

**UNITED STATES**
**DEPARTMENT OF THE INTERIOR**
**MINERALS MANAGEMENT SERVICE**

_____DATE

_____PARENT SERIAL NUMBER

_____SUBJECT
APPLICANT:                                    REMITTER IF DIFFERENT THAN APPLICANT:

| PURPOSE | FUND SYMBOL | AMOUNT |
|---|---|---|
| FILING FEE EARNED | 140850   (17) | |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800   (17) | |
| ONE-FIFTH BONUS | 14X6875   (17) | |
| FIRST YEAR'S RENTAL | | |
| FOUR-FIFTHS BONUS | | |
| | | |
| TOTAL | | |

REMARKS_____

_____

_____

_____BY_____DATE_____

## DO NOT ACCEPT THIS COPY AS A RECEIPT

CASE FOLDER COPY

Active-Lease
FORM MMS-362 (SEPT. 1993)
BOEM File Name: 58787.pdf,   Page 21 of 29
File Stamp courtesy of OCSBBS.COM

**UNITED STATES**

**DEPARTMENT OF THE INTERIOR**

**MINERALS MANAGEMENT SERVICE**

_____DATE

_____PARENT SERIAL NUMBER

_____SUBJECT
APPLICANT:                                          REMITTER IF DIFFERENT THAN APPLICANT:

| PURPOSE | FUND SYMBOL | AMOUNT |
|---|---|---|
| FILING FEE EARNED | 140850   (17) | |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800   (17) | |
| ONE-FIFTH BONUS | 14X6875   (17) | |
| FIRST YEAR'S RENTAL | | |
| FOUR-FIFTHS BONUS | | |
| | | |
| TOTAL | | |

REMARKS _____

_____

_____

_____BY_____DATE _____

DO NOT ACCEPT THIS COPY AS A RECEIPT

CASE FOLDER COPY

Active-Lease
Form MMS-362 (SEPT  1983)

**UNITED STATES**
**DEPARTMENT OF THE INTERIOR**
**MINERALS MANAGEMENT SERVICE**

_65392_

_____DATE

_____PARENT SERIAL NUMBER

APPLICANT:                                                   SUBJECT
                          REMITTER IF DIFFERENT THAN APPLICANT:

| PURPOSE | FUND SYMBOL | AMOUNT |
|---|---|---|
| FILING FEE EARNED | 140850  (17) | |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800  (17) | |
| ONE-FIFTH BONUS | 14X6875  (17) | |
| FIRST YEAR'S RENTAL | | |
| FOUR-FIFTHS BONUS | | |
| | | |
| TOTAL | | |

REMARKS _____

_____

_____

_____BY_____DATE_____

## DO NOT ACCEPT THIS COPY AS A RECEIPT

CASE FOLDER COPY

Active-Lease FORM MMS-362 (SEPT 1983)

# UNITED STATES
## DEPARTMENT OF THE INTERIOR
### MINERALS MANAGEMENT SERVICE

———————————————————DATE
— Operating Rights
———————————————————PARENT SERIAL NUMBER

SUBJECT

APPLICANT:                          REMITTER IF DIFFERENT THAN APPLICANT:

| PURPOSE | FUND SYMBOL | AMOUNT |
|---|---|---|
| FILING FEE EARNED | 140850   (17) | |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800   (17) | |
| ONE-FIFTH BONUS | 14X6875   (17) | |
| FIRST YEAR'S RENTAL | | |
| FOUR-FIFTHS BONUS | | |
| | | |
| TOTAL | | |

REMARKS ———————————————————
————————————————————————
————————————————————————
————————BY————————DATE————

## DO NOT ACCEPT THIS COPY AS A RECEIPT

CASE FOLDER COPY

Active-Lease
BOEM File Name: 58787.pdf   Page 24 of 29
File Stamp courtesy of OCSBBS.COM

## UNITED STATES
## DEPARTMENT OF THE INTERIOR
## MINERALS MANAGEMENT SERVICE

_____ DATE

_____ PARENT SERIAL NUMBER

SUBJECT
APPLICANT:                                          REMITTER IF DIFFERENT THAN APPLICANT:

| PURPOSE | FUND SYMBOL | AMOUNT |
|---------|-------------|--------|
| FILING FEE EARNED | 140850  (17) | |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800  (17) | |
| ONE-FIFTH BONUS | 14X6875  (17) | |
| FIRST YEAR'S RENTAL | | |
| FOUR-FIFTHS BONUS | | |
| | | |
| TOTAL | | |

REMARKS _____

_____

_____

_____ BY _____ DATE _____

## DO NOT ACCEPT THIS COPY AS A RECEIPT

### ACCOUNTING ADVICE COPY

Active-Lease MMS-362 (SEPT. 1983)

UNITED STATES
DEPARTMENT OF THE INTERIOR
MINERALS MANAGEMENT SERVICE

**No. 1216047**

June 17, 1983 _____ DATE

OCS-G 5392 _____ PARENT SERIAL NUMBER

Block 317, East Cameron Area, South Addition _____ SUBJECT

APPLICANT:                                          REMITTER IF DIFFERENT THAN APPLICANT:

MOBIL OIL EXPLORATION &
PRODUCING SOUTHEAST INC.
1250 Poydras Building
New Orleans, Louisiana 70113

Sohio Petroleum Company

| PURPOSE | FUND SYMBOL | AMOUNT |
|---|---|---|
| FILING FEE EARNED | 140850  (17) | |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800  (17) | |
| ONE-FIFTH BONUS | 14X6875  (17) | |
| FIRST YEAR'S RENTAL | 14X6875  (17) | $    15,000.00 |
| FOUR-FIFTHS BONUS | 14X6875  (17) | $2,009,624.00 |
| TOTAL | | $2,024,624.00 |

Ck. No. 0211-100189, First National Bank of Commerce, New Orleans, LA

REMARKS _____

_____

_____

_____BY_____DATE_____

## DO NOT ACCEPT THIS COPY AS A RECEIPT

MMS-0001
Jan. 10, 1983

Active-Lease
BOEM File Name: 58787.pdf,  Page 26 of 29
File Stamp courtesy of OCSBBS.COM

**UNITED STATES**
**DEPARTMENT OF THE INTERIOR**
**MINERALS MANAGEMENT SERVICE**

No. **1206012**

May 25, 1983 _____ DATE

OCS-G 5392 _____ PARENT SERIAL NUMBER

Block 317, East Cameron Area, South Addition _____ SUBJECT
APPLICANT:                          REMITTER IF DIFFERENT THAN APPLICANT:

MOBIL OIL EXPLORATION & PRODUCING          Sohio Petroleum Company
SOUTHEAST INC.
1250 Poydras Building
New Orleans, Louisiana  70113

| PURPOSE | FUND SYMBOL | AMOUNT |
|---|---|---|
| FILING FEE EARNED | 140850   (17) | |
| ADVANCE FILING FEE AND/OR RENTAL | 14X6800  (17) | |
| ONE-FIFTH BONUS | 14X6875  (17) | $502,408.00 |
| FIRST YEAR'S RENTAL | | |
| FOUR-FIFTHS BONUS | | |
| | | |
| TOTAL | | $502,408.00 |

Ck. No. 234-25820, Bankers Trust Company, New York, New York

REMARKS _____

_____

_____

_____ BY _____ DATE _____

DO NOT ACCEPT THIS COPY AS A RECEIPT

*MMS-0001*
*Jan. 10, 1983*

Active-Lease
BOEM File Name: 58787.pdf,  Page 27 of 29
File Stamp courtesy of OCSBBS.COM

_dm_

## Check List for High Bids and Bidders

Bonus Bid _____ 2,512,030 _____

Cash with Bid _____ 502,406 _____

1/5 of Bonus Bid _____ 502,406 _____

1. *Does remittance total equal 1/5th bonus?*  Yes ☒  No ☐

   a.   Balance of Bonus (4/5ths of Total Bid) 2,009,624 _____

   b.   Is remittance on proper form (cash, cashier's or certified check, or
        bank draft? A sight draft is not acceptable.  Yes ☐  No ☐

   c.   Does bid equal or exceed the per acre/hectare minimum bid?  Yes ☐  No ☐

2. **Is bidder qualified?**  Yes ☑  No ☐

   a.   If individual, *a citizenship statement must accompany each bid.*

   b.   If partnership or association, bid shall be accompanied by a certi-
        fied statement indicating the State in which it is registered and
        that it is authorized to hold mineral leases on the OCS or appro-
        priate reference to the records of the MMS in which such a copy
        has already been filed.

   c.   If corporation, bid shall be accompanied by a statement certified
        by the corporate secretary or assistant secretary over the corporate
        seal showing the State in which it was incorporated and that it is
        authorized to hold mineral leases on the OCS or appropriate refer-
        ence to the records of the MMS in which such a copy has already
        been filed.

3. **Is person signing bid properly authorized?**  Yes ☑  No ☐

   a.   If citizen, the citizenship statement suffices.

   b.   If partnership or association and no reference is made to a pre-
        vious MMS record where authority is filed, examine accompanying
        documents to determine authority to bind the partnership or
        association.

   c.   If corporation and no reference is made to a MMS record where
        such authority is filed, there must be either a certified copy of a
        resolution of the board of directors authorizing the signing person
        to bind the corporation, or a certified copy of agency or power of
        attorney, or a certified statement by the secretary or assistant sec-
        retary of the corporation over the corporate seal indicating that the
        person signing has proper authority.

4. **Does Form 1140-7 (June 1982) and Form 1140-8 (June 1982) accom-
   pany each bid, or is there reference in bid to MMS record where they
   were previously filed for this sale?**  Yes ☑  No ☐

5. **Is bidder covered by a blanket OCS bond? If not, list below and place a
   blue flyer in OCS folder. Clerk-typists will know that the action in that
   case shall include appropriate bond requirement language.**  Yes ☑  No ☐

6. **If joint bid, are bidders qualified for joint bidding?**  Yes ☐  No ☐

(GOM) ROY 13-3.3
(September 1982)

Active-Lease
BOEM File Name: 58787.pdf,  Page 28 of 29
File Stamp courtesy of OCSBBS.COM

Regional Manager
Gulf of Mexico OCS Region
Minerals Management Service
3301 North Causeway Boulevard
Metairie, Louisiana   70002

OIL AND GAS BID

The following bid is submitted for an oil and gas lease on the map area
and block of the Outer Continental Shelf specified below:

| Map Name or Number | Block | Total Amount Bid | Amount per Acre | Amount of Cash Bonus Submitted with Bid |
|---|---|---|---|---|
| LA. Map No. 2A | East Cameron Area, South Addition, Block 317 | $ 2,512,030. | $ 502.40 | $ 502,406. |

Proportionate Interest of
Company(ies) Submitting Bid

Qualification No. N.O. Misc. File No. 540

Percent Interest          50  %

MOBIL OIL EXPLORATION & PRODUCING
SOUTHEAST INC.
    1250 Poydras Building
    New Orleans, Louisiana   70113

By   *C. E. Spruell*
      C. E. Spruell
      Attorney-in-Fact

Qualification No. N.O. Misc. File No. 593

Percent Interest          50  %

SOHIO PETROLEUM COMPANY
    8303 Southwest Freeway, Suite 600
    Houston, Texas 77074

By   *E. L. Erwin III*
      E. L. Erwin III
      Agent & Attorney-in-Fact

Active-Lease
BOEM File Name: 58787.pdf,  Page 29 of 29
File Stamp courtesy of OCSBBS.COM